72 N.J. Super. 355 (1962)
178 A.2d 364
JEAN MARIE BECKER, BY HER GUARDIAN AD LITEM JOSEPH BECKER AND JOSEPH BECKER, INDIVIDUALLY, PLAINTIFFS-RESPONDENTS,
v.
THE CITY OF NEWARK AND HELEN McENTEE, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued January 15, 1962.
Decided February 26, 1962.
*356 Before Judges GOLDMANN, FREUND and FOLEY.
Mr. Richard A. Walsh argued the cause for appellant City of Newark (Mr. Vincent P. Torppey, attorney).
Mr. Gregory J. Castano argued the cause for respondents (Mr. Thomas E. Durkin, Jr., attorney).
The opinion of the court was delivered by FOLEY, J.A.D.
The City of Newark appeals from a judgment in favor of the plaintiffs entered in the county district court after a trial without jury.
The city is the owner and operator of the Hayes Park East Swimming Pool. The pool is open to use by the general public and concededly its operation is a proprietary *357 function. See Weeks v. Newark, 62 N.J. Super. 166 (App. Div. 1960), affirmed o.b., 34 N.J. 250 (1961).
Defendant Helen McEntee was an employee of the city in charge of the ladies locker room of the pool. Her immediate superior was Martin N. Manning, who was in general charge of the pool operation.
On September 1, 1960 at 10:00 A.M. the infant plaintiff, then 12 years of age, accompanied by girls of her age group arrived at the pool to go swimming. They entered the ladies locker room where they undressed in curtain covered cubicles, placed their clothes in baskets provided for the purpose, and checked the baskets with Mrs. McEntee. As they left the locker room Jean Marie noticed a young boy riding a tricycle in the locker room. The child was subsequently identified as Mrs. McEntee's five-year old son, Philip.
At about 12:30 P.M. the girls returned to the locker room and dressed to go home. Jean Marie stepped from the cubicle to an open area where she might more conveniently put on her shoes and socks. As she bent down to put on one shoe, Philip backed his tricycle against her right ankle severely injuring her Achilles Tendon.
Evidence was offered by the city through Mr. Manning that the riding of tricycles or bicycles in the locker room is contrary to the regulations promulgated by the city for the use of the locker room, and that this had been brought to the attention of employee attendants of the pool. There also was evidence that on at least two prior occasions Mrs. McEntee had permitted Philip to ride his tricycle in and about the locker room.
The trial court found "that there was a negligent failure on the part of the city and it is quite clear that the presence of a five year old child in a locker room, causes a hazard to others in the locker room" and that it was Mrs. McEntee's duty, "to take reasonable precautions to see to it that the safety and well being of the users of the locker room were not jeopardized."
*358 The challenge which the city interposes to this adjudication is that (1) Mrs. McEntee in permitting Philip to ride his tricycle in the locker room was guilty of a default in her obligation to her employer to conform with safety rules prescribed by it; hence her act or omission in this regard exceeded the scope of her authority and became a personal default with which the city is not chargeable, and (2) there was no evidence that independent of her non-authorized conduct the city had failed in its admitted duty to exercise ordinary care to make the pool and locker room premises reasonably safe for the plaintiff's use.
We conclude that these contentions are legally untenable. The city in the exercise of a proprietary function owed to the infant plaintiff, its invitee, the duty to exercise ordinary care to render the premises reasonably safe for its intended use, and correlatively, the duty to abstain from any act that would make such use dangerous to invited patrons. See Taneian v. Meghrigian, 15 N.J. 267, 273-274 (1954). It chose to delegate to Mrs. McEntee the performance of this duty, and thus under the doctrine of respondeat superior became responsible to its patrons for any deviation therefrom by Mrs. McEntee which proximately resulted in foreseeable injury to others. By its own edict proscribing cycling in the locker room the city foresaw and gave recognition to the dangers to human safety inhering in this activity, and thereby became liable for the neglect of the employee charged by it with the enforcement of safety regulations designed to obviate such danger.
In this contest between a member of the public and the city it is wholly immaterial that the employee may have been remiss in observing her duty to her employer. If in fact this be the case, the law affords a right of action to the employer to recover from the employee damage it suffered by reason of the breach by the employee of her contractual obligations. Restatement, Agency 2d § 379 comment b, p. 178 (1958). See also Marchitto v. Central R. Co. of N.J., 9 N.J. 456, 469 (1952).
*359 Nor is it a defense to the city that in failing to discharge the duty which it owed the plaintiff, its designated servant may have been motivated to serve her own personal purposes. See Restatement, Agency 2d, § 236, comment a, p. 523 (1958). Such dereliction as between the employee and the employer is overridden by, and quite apart from, the primary duty owed by the employer to its invitees, as defined hereinabove.
Affirmed.