STATE OF NEW JERSEY AND NEW JERSEY BOARD OF PUBLIC UTILITY COMMISSIONERS, PLAINTIFFS, v. CITY OF NEWARK, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT.

Superior Court of New Jersey
Law Division

Decided March 4, 1965.

*Mr. Peter J. Schwartz,* Deputy Attorney General, for plaintiffs (*Mr. Arthur J. Sills,* Attorney General of New Jersey, attorney).

*Mr. William H. Walls* for defendant (*Mr. Joseph A. Ward,* on the brief; *Mr. Norman N. Schiff,* Corporation Counsel of the City of Newark, attorney).

CRANE, J. C. C. (temporarily assigned). Plaintiffs State of New Jersey and the New Jersey Board of Public Utility Commissioners have brought this action to compel defendant City of Newark to pay the sum of $1,117.53 claimed to be due as a charge for auditing and examining the 1959 annual report of the Newark Division of Water Supply. The matter is before the court on cross-motions for summary judgment.

The pleadings and affidavits disclose that Newark operates a municipally-owned water utility known as the Division of Water Supply. On May 10, 1960 an annual report for the year 1959 was filed by the Newark Division of Water Supply in the office of the New Jersey Board of Public Utility Commissioners, pursuant to the requirement of *R. S.* 40:62–1. Subsequently, an audit and examination of the report was conducted by the Public Utility Commissioners and a bill for $1,117.53 was rendered, which the city refuses to pay.

The essential question presented is whether the Board of Public Utility Commissioners has been granted statutory authority to impose a charge for conducting the audit. The

city claims to be governed exclusively by the provisions of *R. S.* 40 :62–1 *et seq.* relating to municipally-owned public utilities. The State contends that the matter is governed by the provisions of *N. J. S. A.* 48 :2–56.

Only a few reported cases have dealt with the relationship of the Board of Public Utilities Commissioners to municipally-owned water utilities. The case of *In re Borough of Glen Rock,* 25 *N. J.* 241 (1957), held that the Board did not have general rate-making jurisdiction over municipally-owned public utilities supplying water. In that case the court accorded great weight to the long standing administrative interpretation of the Board declining to exercise rate-making power over municipally-owned water utilities. The court commented (at *page* 246) that "Rate-making is a prodigious task, and we are unwilling to impose this enormous burden upon the Board without an unequivocal declaration by the Legislature expressly so stating." After an exhaustive examination of the relevant statutes the court concluded that there was no such statutory authority. However, in *Woodside Homes, Inc. v. Town of Morristown,* 26 *N. J.* 529 (1958), it was held that a municipality which operated a water company originally acquired from a private source that was servicing an area outside of its territorial limits, was subject to the jurisdiction of the Board of Public Utility Commissioners in relation to the extension of its water mains. This decision was based upon the language of *R. S.* 40 :62–49 (f). In that same year the Appellate Division held that the Board has no jurisdiction over a municipal water utility except where the municipality has, since 1929, acquired by purchase a water company from a private source and where such company had been servicing more than one municipality. *Langan v. West Keansburg Water Co.,* 51 *N. J. Super.* 41 *(App. Div.* 1958) ; see also *Yardville Estates, Inc. v. City of Trenton,* 66 *N. J. Super.* 51, 57 *(App. Div.* 1961).

Running through the opinions is the recurrent theme expressed by Justice Wachenfeld in the *Glen Rock* case that jurisdiction of the Board of Public Utility Commissioners

will not be imposed upon municipal water utilities in the absence of an "unequivocal declaration" by the Legislature.

The statute itself, *N. J. S. A.* 48:2–56, does not specifically empower the Board to impose charges upon municipalities. The State, however, has presented a formal opinion of the Attorney General, dated July 20, 1961, which concludes that "a municipally-owned water utility is required to pay the applicable fees for report forms and for the filing, examination and audit of them pursuant to *N. J. S. A.* 40:62–1." The opinion acknowledges the holding of *In re Borough of Glen Rock, supra,* but distinguishes it. The opinion is based upon language then contained in the statute, as follows:

"Such fees and charges are applicable to all public utility companies and persons unless otherwise indicated." *L.* 1959, c. 43

In the view of the Attorney General a municipality was a person within the meaning of the statute as it was then worded, and hence was subject to the fees and charges imposed. While a municipal corporation may well be considered a person for some purposes, see *Hartman v. City of Brigantine,* 42 *N. J. Super.* 247, 254 (*App. Div.* 1956), the use of the word person to describe a municipality hardly meets the test of "unequivocal declaration" laid down by the Supreme Court in the case of *In re Borough of Glen Rock, supra.* If the Legislature intended the charges and fees set forth in *N. J. S. A.* 48:2–56 to apply to municipalities, it could easily have said so in unambiguous language. In this connection, it is noted in passing that the quoted sentence relating to the applicability of fees to all public utility companies and persons has been deleted by amendment of the statute. *L.* 1962, c. 198, § 28.

Plaintiffs contend that *R. S.* 40:62–1, which requires the city to file an annual report, implies that the Board has the duty to examine and audit the report. It is not necessary to this decision to decide whether or not such a duty exists. No statutory or other authority is cited to support the Board's argument, however, and we do note the language in the *Glen*

*Rock* case, *supra*, 25 *N. J.*, at *p.* 252, that "The duties of the Board are defined by statute and cannot be increased except by legislative command. We have no authority to add to the tasks of the Board."

The plaintiffs also argue that the city is estopped from taking its present position because it paid filing and report form fees in accordance with the schedule contained in *N. J. S. A.* 48:2-56. The doctrine of estoppel applies against municipal corporations, but a municipality is not bound by the acts of its agents unless they have been expressly authorized or necessarily implied from authority directly conferred upon them. *Bianchi v. City of Newark*, 53 *N. J. Super.* 66 (*App. Div.* 1958). The mere fact of payment by itself does not constitute a prior administrative construction; it does not prevent the city from now relying upon the statutory language. *City of Bayonne v. North Jersey, etc., Commission*, 30 *N. J. Super.* 409 (*App. Div.* 1954).

It is concluded, therefore, that the Board of Public Utility Commissioners lacks statutory authority to impose a charge upon the City of Newark for auditing the annual report of the Newark Division of Water Supply. Judgment will be rendered in favor of the defendant.