BRUCE G. M. DIESEL, INC., PLAINTIFF-RESPONDENT, v. ASSOCIATES FINANCIAL SERVICES CO., INC., DEFENDANT-APPELLANT, AND WILLIE J. BROWN, DEFENDANT.

Superior Court of New Jersey
Appellate Division

Submitted November 27, 1972—Decided July 24, 1973.

Before Judges FRITZ, LYNCH and DEMOS.

*Messrs. Kramer and Kramer,* attorneys for appellant (*Mr. Milton S. Kramer,* on the brief).

*Messrs. Winne & Banta,* attorneys for respondent (*Mr. John P. Paxton,* on the brief).

PER CURIAM. The facts are not in dispute. They appear in the opinion of the trial court, 118 *N. J. Super.* 528 (1972).

As there noted, the sole and determinative issue is whether the only lien of one repairing a motor vehicle is that afforded by the Garage Keeper's Lien Act, *N. J. S. A.* 2A:44–21, or whether a garageman has also available the common law artisan's lien. The question is of substantial importance in cases where, as here, there is a perfected security interest, because the former lien is expressly subordinated to such an interest by the statute, while the latter lien is unaffected. *Ferrante v. Foley,* 49 *N. J.* 432 (1967), *National State Bank v. Rapp et al.,* 49 *N. J.* 457 (1967).

The court below held that the Garage Keeper's Lien did not exclude the common law lien and that the "common law artisan lien on a motor vehicle * * * survives the enactment and amendments to *N. J. S. A.* 2A:44–21." 118 *N. J. Super.* at 531. We disagree with this conclusion.

To the extent that the trial court opined, correctly, that statutes in derogation of the common law are to be strictly construed, we point out that the statute in question is quite clear in its reference and applicability to "A garage

keeper who shall * * * repair a motor vehicle * * *." This same clarity obviates the need for statutory interpretation, since the meaning of the statute is abundantly apparent on its face. *Duke Power Co. v. Patten,* 20 *N. J.* 42, 49 (1955). And this without consideration for the fact that when the statute was first passed in 1915 (*L.* 1915, *c.* 312) there was no provision subordinating its effect to a security interest. Accordingly, it was not in opposition to the common law, but indeed, enlarged the rights visited by the lien of the common law to which the motor vehicle was not known. See *B. C. S. Corp. v. Frick,* 19 *N. J. Misc.* 129, 130 (D. Ct. 1941). It was only by *L.* 1925, *c.* 33 that this lien was later subordinated to the lien of conditional vendors or chattel mortgagees, and by *L.* 1961, *c.* 121, § 4 subordinated to commercial code security interests.

Beyond this, we think that *Ferrante v. Foley, supra,* was too readily distinguished by the judge below. *Ferrante* specifically says, "For, if it is a motor vehicle, defendant has only a garage keeper's lien that is inferior to plaintiff's [the security interest lienor]." 49 *N. J.* at 438. Lest this be thought to be *obiter dictum,* we note that in *Ferrante* the court went to substantial lengths to conclude that a bulldozer was *not* a motor vehicle. Such a determination would have been unnecessary if the Garage Keeper's Lien Act was not exclusive and in lieu of the common law lien. See also *Rapp, supra,* where the Appellate Division (90 *N. J. Super.* 300 (1966)) was reversed, not on the basis of its determination that the garage keeper's lien replaced the common law lien (citing *B. C. S. Corp. v. Frick, supra*), but significantly, on the *Ferrante* ground that a bulldozer is not a motor vehicle.

Were we not bound by *Ferrante* and *Rapp,* as we believe ourselves to be, we would reach the same result on the plain language of the statute.

Reversed and remanded for entry of judgment against plaintiff in favor of defendant Associates Financial Services Co., Inc.