130 N.J. Super. 450 (1974)
327 A.2d 466
VINCENT DAMBRO, JR., PLAINTIFF,
v.
UNION COUNTY PARK COMMISSION, A BODY POLITIC OF THE STATE OF NEW JERSEY, AND BOROUGH OF WATCHUNG, A MUNICIPAL CORPORATION, DEFENDANTS, AND UNION COUNTY PARK COMMISSION, A BODY POLITIC OF THE STATE OF NEW JERSEY, THIRD-PARTY PLAINTIFF,
v.
BOROUGH OF WATCHUNG, A MUNICIPAL CORPORATION, THIRD-PARTY DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided October 11, 1974.
*452 Mr. Joseph J. Triarsi for plaintiff (Messrs. Pisano & Triarsi, attorneys).
Mr. Jack L. Lintner for Borough of Watchung (Messrs. Graham, Yurasko, Golden & Lintner, attorneys).
Mr. Arthur J. Callaghan for Union County Park Commission (Messrs. Brause, Callaghan & Coyle, attorneys).
KENTZ, J.S.C.
The Borough of Watchung (hereinafter Watchung) has filed a motion to dismiss the complaint of plaintiff Vincent Dambro and the third-party complaint of defendant, Union County Park Commission (hereinafter Park Commission) based on noncompliance of the notice of claim provisions of New Jersey Tort Claims Act, N.J.S.A. 59:8 et seq., with particular reliance placed on N.J.S.A. 59:8-4. Plaintiff has made a motion for leave to file a notice of late claim against Watchung pursuant to the provisions of N.J.S.A. 59:8-9.
The case arose out of a severe injury caused to plaintiff on May 28, 1973. He dove into the stream while swimming in the falls area of New Providence Road, Watchung, and hit his head on certain rocks and debris resulting in a broken neck.
On May 30, 1973 counsel for plaintiff sent a letter to the Watchung Police Department advising of his representation of plaintiff in connection with injuries sustained as a result of an accident which occurred two days before at the swimming area. A copy of the police report was sent to plaintiff's counsel. This police accident report contained the name and address of plaintiff, the date and time of the accident, the location of the accident, the fact that plaintiff had dove into the water and could not move the lower part of his body. *453 The report included a confirmation from Overlook Hospital in Summit that the victim had a broken neck.
On June 11, 1973, two weeks after the date of the accident, counsel for plaintiff sent a letter to the borough tax assessor advising him of the attorney's representation of plaintiff. This letter named plaintiff, gave his address and stated that he plaintiff was injured when "he fell at the `falls area of New Providence Road' near the waterfall." Plaintiff's counsel requested the tax assessor to advise him as to the owner of the premises in question and whether it be privately owned or owned by the municipality, county or State. This letter was returned with a notation reading "Union County Park Commission, P.O. Box 275, Elizabeth, N.J. 07207."
Plaintiff's counsel notified the Park Commission on or about August 14, 1973, and this original notification was supplemented on September 18, 1973. On the belief that the Park Commission was the sole owner of the premises in question, plaintiff instituted suit against the Park Commission on April 30, 1974. On or about June 18, 1974 plaintiff received a third-party complaint filed by the Park Commission against defendant Watchung, alleging the premises in question were owned in whole or in part by Watchung.
Plaintiff filed a notice of motion for an order permitting the joinder of the third-party defendant, Watchung, as a direct defendant. This motion was granted and an amended complaint was served upon both defendants on July 26, 1974.
Watchung has brought a motion before this court to dismiss the plaintiff's amended complaint. Watchung urges that the notice requirements as set forth in N.J.S.A. 59:8-4 have not been satisfied by plaintiff's letters to the Watchung Police Department and the tax assessor.
N.J.S.A. 59:8-4 states:
A claim shall be presented by the claimant or by a person acting on his behalf and shall include:
(a) The name and post office address of the claimant;
(b) The post office address to which the person presented the claim desires notices to be sent;
*454 (c) The date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted;
(d) A general description of the injury, damage or loss incurred so far as it may be known at the time of presentation of the claim;
(e) The name or names of the public entity, employee or employees causing the injury, damage or loss, if known; and
(f) The amount claimed as of the date of presentation of the claim, including the estimated amount of any prospective injury, damage or loss, insofar as it may be shown at the time of the presentation of the claim, together with the basis of computation of the amount claimed.
Watchung contends that neither letter provides the information required by N.J.S.A. 59:8-4(d), (e) and (f), and that the letter to the Watchung Police Department fails to provide information required by 59:8-4(a). Additionally, Watchung urges that N.J.S.A. 59:8-7 requires that the notice of claim must be filed with the department or agency involved in the alleged act or omission. N.J.S.A. 59:8-7 states:
A claim for damage or injury arising under this act against the State shall be filed either with (1) the Attorney General or (2) the department or agency involved in the alleged wrongful act or omission. A claim for injury or damages arising under this act against a local public entity shall be filed with that entity.
Plaintiff asserts that a notice of claim under the Tort Claims Act need not be made by a formal filing of claim, but rather may be an informal presentation by letter or otherwise.
The New Jersey Tort Claims Act, effective July 1, 1972, is a recent expression of the New Jersey Legislature, and this case presents a question of construction not yet determined by the courts of New Jersey. In arriving at a decision this court seeks to follow the legislative purpose and policies embodied in the act.
N.J.S.A. 59:1-2 states the legislative declaration concerning the act:
*455 The Legislature recgonizes the inherently unfair and inequitable results which occur in the strict application of the traditional doctrine of sovereign immunity. On the other hand the Legislature recognizes that while a private entrepreneur may readily be held liable for negligence within the chosen ambit of his activity, the area within which government has the power to act for the public good is almost without limit and therefore government should not have the duty to do everything that might be done. Consequently, it is hereby declared to be the public policy of the State that public entities shall only be liable for their negligence within the limitations of this act and in accordance with the fair and uniform principles established herein. All of the provisions of this act should be construed with a view to carry out the above legislative declaration.
The official comment to N.J.S.A. 59:8-3 states the purpose of the notice of claim provisions to be twofold:
(a) to allow the public entity at least six months for administrative review with the opportunity to settle meritorious claims prior to the bringing of suit; (b) to provide the public entity with prompt notification of a claim in order to adequately investigate the facts and prepare a defense.
The New Jersey Tort Claims Act is in derogation of the common law rule of sovereign immunity. At the same time it is remedial in nature and seeks to correct the deficiencies of sovereign immunity. N.J.S.A. 59:1-2, supra. Such a conflict between two recognized rules of statutory construction should not impede this court.
Statutes in derogation of the common law are generally strictly construed. Dacunzo v. Edgye, 19 N.J. 443 (1955); Bruce G.M. Diesel, Inc. v. Associates Financial Services Co., Inc., 125 N.J. Super. 53 (App. Div. 1973). This rule should not, however, defeat the legislative purpose. N.J.S.A. 59:1-2, supra. Dacunzo v. Edgye, supra. The New Jersey Supreme Court provided some guidelines for statutory interpretation in a situation like the present when it stated in DeFazio v. Haven Savings and Loan Ass'n, 22 N.J. 511 (1956):
*456 In construing statutes the inquiry is to determine the purpose and intent of the Legislature. If the statute alters or amends the previous law or creates or abolishes types of actions, it is important to discover the intention of the Legislature to ascertain the old law, the mischief and the proposed remedy. [at 518]
The New Jersey Tort Claims Act was based upon California's Tort Claims Act, Cal. Gov't. Code, § 810 et seq. (see Comment accompanying N.J.S.A. 59:2-1), Markey v. Skog, 129 N.J. Super. 192, 205 (App. Div. 1974). The California courts have held that substantial compliance with the notice of claim statute is sufficient. Stromberg, Inc. v. Los Angeles County Flood Control Dist., 270 Cal. App.2d 759, 76 Cal. Rptr. 183 (Sup. Ct. 1969). The Stromberg court stated that:
The doctrine of substantial compliance has frequently been invoked to validate a claim in fact filed under the claims statute, although incomplete or defective or presented to the wrong agency, where claimant has made a bona fide attempt to comply with the statutory requirements * * * but we know of no case in which it has been invoked to cure an omission to file a claim. [at 186]
Another California case indicates other situations involving substantial compliance, such as "improper verifications, unclear descriptions of the place of the accident, or filing with the wrong county agency." McGranahan v. Rio Vista, 224 Cal. App. 2d 624, 36 Cal. Rptr. 798, 801 (D. Ct. App. 1964).
A look at the facts of the present case is persuasive. Counsel for plaintiff wrote to the Watchung Police Department two days after the accident. This letter advised the department of the representation of plaintiff by counsel and stated the date and place of the accident. The department's own report sent out to plaintiff's counsel contained plaintiff's name, address, the location of the accident, and incidentally listed the location as within Watchung, New Jersey. The police report also referred to the receipt of a hospital report indicating the fact that plaintiff had suffered a broken neck.
*457 Within two weeks of the accident plaintiff's counsel wrote to the tax assessor of Watchung. This second letter contains plaintiff's name and address, as well as the fact that an accident occurred in the "falls area of New Providence Road" near the waterfall. Plaintiff's counsel asked for advisement on the ownership of the premises, and the tax assessor returned the letter with the handwritten notation reading, "Union County Park Commission, P.O. Box 275, Elizabeth, N.J. 07207." Plaintiff's counsel relied upon this representation and notified the Park Commission on or about August 14, 1973, thus filing a proper claim under N.J.S.A. 59: 8-4.
This representation by the Watchung tax assessor raises the issue of estoppel. The doctrine of estoppel may be applied against the State and its counties and municipalities. Bayonne v. Murphy, 7 N.J. 298, 311 (1951). Estoppel is conduct, either express or implied, which reasonably misleads another to his prejudice so that a repudiation of such conduct would be unjust in the eyes of the law. Such estoppel is grounded not on subjective intent but rather on the objective impression created by the actor's conduct. Matsuo Yoshida v. Liberty Mutual Ins. Co., 240 F.2d 824, 829 (9 Cir.1957); Goodpasture v. Goodpasture, 115 N.J. Super. 189, 197 (Ch. Div. 1971).
Plaintiff's counsel made a good faith effort to discover the owner of the premises, as evidenced by his prompt notification under N.J.S.A. 59:8-4 to the Park Commission upon receipt of the notation from the Watchung tax assessor. The tax assessor, an administrative official of Watchung, acted in apparent good faith and within the ambit of his duty. The law should not permit a municipality to insulate itself from possible tort liability by the mistake or inadvertence of its employee tax assessor.
The case of Jantausch v. Verona, 41 N.J. Super. 89 (Law Div. 1956), aff'd 24 N.J. 326 (1957), likewise indicated that where an administrative official "in good faith and within the ambit of his duty makes an erroneous and debatable interpretation *458 * * * and the property owner in like good faith relies * * *," estoppel would apply. 41 N.J. Super. at 94.
Defendant contends subsections (a), (d), (e) and (f) of N.J.S.A. 59:8-4 were not complied with. The name and address of claimant were stated on counsel's letter to the tax assessor as required under subsection (a). The police department's own records indicate that plaintiff suffered a broken neck, and therefore Watchung had at least constructive knowledge of the nature of the injury. Accordingly, subsection (d) is satisfied.
N.J.S.A. 59:8-4(e) requires the name or names of the public entity causing the injury, if known. Obviously the name of such entity was not known to plaintiff and any alleged insufficiency on his part can only be attributed to defendant Watchung's actions.
N.J.S.A. 59:8-4(f) requires the amount claimed as of the date of presentation of the claim, if such amount is known. A lack of stated damages will not bar plaintiff's cause of action if the amount of damages is not known at the time of the presentation of the claim.
Furthermore, Watchung has been served with a third-party complaint by the Park Commission which seeks contribution under the Joint Tortfeasor Contribution Law, N.J.S.A. 2A:53A-1 et seq. This court is convinced that the decision in the recent case of Markey v. Skog, supra, gives the right to the Park Commission to implead Watchung. Markey permitted a nonpublic defendant to seek contribution against the State when plaintiff had not given proper notice of the claim to the State within the time limitations of N.J.S.A. 59:8-8. The same right should extend to a public defendant seeking contribution. Accordingly, the motion to dismiss the third-party complaint is denied.
Watchung will have to prepare a proper defense as a third-party defendant. An investigation of the facts is possible in that the police department report of the accident exists. This court finds that Watchung had an opportunity to prepare a defense, as well as investigate all facts and thereby *459 was afforded an opportunity to settle plaintiff's claim before litigation commenced. Thus, the legislative purposes as stated in the comment to N.J.S.A. 59:8-3 are satisfied.
This court also finds that counsel for plaintiff correctly relied on the representation of Watchung's tax assessor. To hold otherwise would result in plaintiff having to serve summonses and complaints upon any and all possible defendants in order to insure his day in court against the proper defendant. A contrary ruling may also produce a situation where the Park Commission may prove nonownership of the premises on its part which would leave plaintiff without a remedy.
An examination of the totality of the facts convinces this court to deny the motion to dismiss plaintiff's complaint against Watchung. The facts and information contained in the letters to the police department and tax assessor, the representation of the tax assessor of Watchung's nonownership, and the good faith efforts of plaintiff's counsel who did in fact file a proper claim against the Park Commission, indicate to this court that the legislative purpose and remedial goals of the statute have been achieved.
Plaintiff has made a motion seeking an order permitting him to file a notice of late claim against Watchung pursuant to N.J.S.A. 59:8-9. This section does allow for the filing of such a notice within one year after the accrual of the claim at the discretion of the court. The incident occurred on May 28, 1973. Plaintiff did not file a formal notice of late claim within one year of that date.
Since this court has ruled for the reasons stated that there has been substantial compliance with the statutory notice requirement, there is no need for the filing of an additional notice at this time even if the giving of such a notice is allowable. Cf. Lutz v. Semcer, 126 N.J. Super. 288 (Law Div. 1974), wherein plaintiff's motion for leave to file a notice of late claim was denied. Plaintiff in Lutz did not allege that timely notice had been given pursuant to N.J.S.A. 59: 8-4, and the court made no finding with respect thereto.
*460 Accordingly, this motion for leave to file a late claim notice is denied for the reason that sufficient notice has already been given pursuant to the statute and any further notice at this time would serve no useful purpose under the circumstance of this case, and for the further reason that the one-year limitation period for the filing of a late claim notice has expired.
Order to be submitted in accordance herewith.