139 N.J. Super. 342 (1976)
354 A.2d 87
PETER H. ANSKE AND CHRISTA ANSKE, PLAINTIFFS-APPELLANTS,
v.
BOROUGH OF PALISADES PARK, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted January 20, 1976.
Decided February 19, 1976.
*344 Before Judges LYNCH, LARNER and HORN.
Mr. Robert C. Damm, attorney for appellants.
Messrs. Markey, Witham & Amabile, attorneys for respondent (Mr. Francis P. Witham on the brief).
The opinion of the court was delivered by HORN, J.A.D.
Plaintiffs appeal from a summary judgment entered against them in an action brought for personal injuries against defendant Borough of Palisades Park (borough). The trial judge entered judgment on the ground that the injured plaintiff Peter H. Anske failed to comply with the reporting section of the New Jersey Tort Claims Act, N.J.S.A. 59:8-8.
On December 2, 1972 Anske allegedly fell and sustained a fractured ankle when he stepped into a pothole near the curb line of West Harwood Terrace in Palisades Park. An ankle cast was applied and subsequently removed on January 5, 1973. On January 6, 1973 he was hospitalized as a result of a pulmonary embolism, which allegedly developed as a secondary complication to the fractured ankle. On January 16, 1973 the hospital discharged him and he convalesced at his home until he resumed his normal activities.
Approximately two weeks after the fall and while his ankle was still in the cast he personally reported the accident at the office of the borough clerk. An unidentified borough employee requested the date, time and place of the accident, as well as the nature of the injury. Plaintiff supplied this information and the employee informed him "not to worry about it" and that it would be "taken care of by the insurance company."
Between a week and ten days later a representative of the Hartford Insurance Company, the liability carrier of the borough, communicated with him. He questioned him with respect to the details of the accident as well as the nature of his injury. The insurance company representative was informed *345 of his hospital confinement. After his discharge from the hospital the representative visited him.
Apparently no further communication followed. Anske retained the services of counsel who instituted the action on May 4, 1973[1]. The complaint on behalf of him and his wife Christa (per quod) followed the usual form in furnishing information as to plaintiff's address, the time and place of the accident, what occurred, the cause (hazardous roadway condition caused by the borough's negligence) and that he sustained a permanent injury with resultant damages.
On June 19, 1973 defendant filed an answer which consisted of a general denial, an affirmative defense of contributory negligence, a request that plaintiffs supply a written statement of claimed damages and a demand for a trial by a jury of 12.[2]
On January 22, 1974 defendant amended its answer by adding a second affirmative defense  that the claim was barred by virtue of the New Jersey Tort Claims Act. We are not told whether the amended answer was authorized by an order of the court. R. 4:9-1.
Thereafter defendant made the motion which culminated in the summary judgment. In contesting defendant's right to the judgment plaintiff submitted an affidavit which recounted his visit to the borough clerk's office and the subsequent events, including the visit to him
* * * by a representative of the Hartford Insurance Company, the liability carrier for the defendant borough. He questioned me as to *346 the particulars of the accident and the amount of my bills to date. When I was thereafter hospitalized for treatment of a blood clot * * * the insurance carrier was thereafter informed of the amounts of the additional bills.
5. At all times during the course of my treatment the insurance carrier was kept advised of all particulars and had adequate opportunity to investigate the details of the accident.
These statements were unchallenged.
In deciding the motion the trial judge accepted plaintiff's version that within 90 days he had talked to an unidentified person in the borough clerk's office and furnished information as to his identity as well as the time and place of the occurrence of his injury. The judge held that ignorance of the 90-day notice period fixed by statute was not an acceptable legal excuse for plaintiff's failure to comply. Additionally he held that the person in the clerk's office who spoke to plaintiff had no apparent authority to speak for the borough or to waive the provisions of the statute "so as to estop the borough from raising the defense of no written notice of claim pursuant to the statute."
Plaintiff asserts here, as he did below, that (1) the borough's receipt of actual notice of plaintiff's claim satisfied the notice provisions of the Tort Claims Act and (2) the borough was estopped from asserting the defense of noncompliance.[3]
The New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et seq., was patterned after the California Tort Claims Act of 1963. Report of Attorney General's Task Force on Sovereign Immunity (1972), comment following N.J.S.A. 59:2-1. The instant case is concerned only with the reporting provisions thereof as contained in N.J.S.A. 59:8-1 et seq.[4] Sections 4 and 5 make it manifestly clear that such *347 notices must be in writing and that they must contain the information prescribed by these sections.
Claims must be presented within 90 days of accrual (section 8). If a claimant fails to file notice of his claim within 90 days he may, in the discretion of a Superior Court judge, be permitted to file such notice within one year after the accrual of his claim provided that the public entity has not been substantially prejudiced by the delay (section 9).
As stated in the Report of the Attorney General's Task Force on Sovereign Immunity (1972):
This section mandates that no suit shall be brought against a public entity unless a claimant has furnished the appropriate public entity with a notification of claim. The purpose of the claims notification requirement * * * is two-fold: (a) to allow the public entity at least six months for administrative review with the opportunity to settle meritorious claims prior to the bringing of suit; (b) to provide the public entity with prompt notification of a claim in order to adequately investigate the facts and prepare a defense. [Comment following section 3]
Notwithstanding the statutory provisions concerning notice, both California and our own State have relied upon the doctrine of substantial compliance with the statute for the purpose of alleviating the hardship and unjust consequences which attend technical defeats of otherwise valid claims. Lameiro v. West New York Bd. of Ed., 136 N.J. Super. 585 (Law Div. 1975); Dambro v. Union Cty. Pk. Comm'n, 130 N.J. Super. 450 (Law Div. 1974). In both of these cases plaintiffs had submitted writings to the entity containing some information concerning an accident. In Lameiro it was held that the information so supplied was inadequate to properly apprise the public entity and thus to substantially satisfy the purposes for which such notices were designed. In Dambro the court held that it was adequate for such purposes. See also, Hall v. City of Los Angeles, 19 Cal. 2d 198, 120 P.2d 13 (Sup. Ct. 1941); Helbach v. City of Long Beach, 50 Cal. App.2d 242, 123 P.2d 62 (D. Ct. App. 1942).
*348 In the instant case we agree with the trial judge that there was no substantial compliance. Although the information which plaintiff supplied to the municipal clerk's office ordinarily would satisfy the statutory requirements, it was not in written form. We consider a writing to be essential under the statute. Lameiro v. West New York Bd. of Ed., supra 136 N.J. Super. at 588; Reale v. Wayne Tp., 132 N.J. Super. 100 (Law Div. 1975); Hall v. City of Los Angeles, supra; Eppstein v. City of Berkeley, 52 Cal. App.2d 395, 126 P.2d 365 (D. Ct. App. 1942). See also, Zamel v. Port of N.Y. Authority, 56 N.J. 1 (1970).
We turn now to the question of estoppel. In modern usage equitable estoppel and estoppel in pais are convertible terms. They embody the doctrine, grounded in equity and justice, that one shall not be permitted to repudiate an act done or position assumed where that course would work injustice to another who, having the right to do so, has detrimentally relied thereon. N.J. Suburban Water Co. v. Harrison, 122 N.J.L. 189 (E. & A. 1939); West Jersey Title, etc., Co. v. Industrial Trust Co., 27 N.J. 144 (1958). And the equitable principles of estoppel will be applied against public bodies where the interests of justice, morality and common fairness dictate that course. Gruber v. Raritan Tp., 39 N.J. 1, 13 (1962); Skulski v. Nolan, 68 N.J. 179, 198 (1975).
We do not construe the Tort Claims Act to prohibit the application of this doctrine. It cannot be said that the act created new causes of action, at least as to local public entities. We agree with the statement in Markey v. Skog, 129 N.J. Super. 192, 204 (Law Div. 1974), that "the 90-day notice is not a condition precedent to the existence of liability on the part of the State." That statement is amply supported by other interpretations of the statute  in our State, Keller v. Somerset Cty., 137 N.J. Super. 1, 10 (App. Div. 1975), and Dambro v. Union Cty. Pk. Comm'n, supra, and without our State, Farrell v. Placer Cty., 23 Cal.2d 624, 145 P.2d 570, 573 (Sup. Ct. 1944).
*349 In affirming a trial judge's refusal to dismiss an action against a county because notice of the claim was not filed until 174 days after the accrual of the cause of action, the court in Keller v. Somerset Cty., supra, analogized the notice provisions of the act to the statute of limitations and held that, as in the case of the latter equitable principles should apply to relieve unjust consequences of literal compliance in particular factual contexts. Lopez v. Swyer, 62 N.J. 267 (1973); Farrell v. Placer Cty., supra. See also, Shafer v. State, 83 Wash.2d 618, 521 P.2d 736 (Sup. Ct. 1974); Kirchmann v. City of Anaheim, 137 Cal. App.2d 216, 289 P. 2d 817 (D. Ct. App. 1955); Mendibles v. City of San Diego, 100 Cal. App.2d 502, 224 P.2d 42 (D. Ct. App. 1950).
In the instant case there is no claim of prejudice by the borough and no contention that the borough has not had an opportunity to investigate the accident, prepare a defense or endeavor to negotiate a settlement before the action was commenced. Defendant's sole argument on this point is that the actions of the unidentified borough employee should not estop the borough because the employee was without authority to bind it.
Defendant misconstrues the role of the employee. It is not claimed that that person attempted to bind the borough. The employee was clothed with apparent authority to deal with members of the public with respect to the receipt of information pertaining to the type of claim reported by plaintiff (section 10). McAndrew v. Mularchuk, 33 N.J. 172, 190 (1960); State v. Newark, 87 N.J. Super. 38, 42 (Law Div. 1965), aff'd 90 N.J. Super. 68 (App. Div. 1966); Becker v. Newark, 72 N.J. Super. 355, 358 (App. Div. 1962); Doyle v. Loft, 98 N.J.L. 516 (E. & A. 1923). What was said and done by the employee in this instance is only a part of the circumstances to be considered relative to the estoppel issue.
Over a year and one month after the accident defendant amended its answer for the specific purpose of interposing as *350 a bar the failure to file notice of the claim under sections 8 and 9. A year having elapsed from the date of the accident, it was then too late for plaintiff to move for leave to file the notice under section 9. Had defendant asserted that defense when its answer was filed, plaintiff would have had over five months remaining within which to apply to the court pursuant to section 9.
It has been held in this State with respect to our statute of limitations that a defendant may waive the protection thereof by failing to plead it as a defense. Freeman v. Conover, 95 N.J.L. 89 (E. & A. 1920); Easton Nat. Bank v. American Brick & Tile Co., 70 N.J. Eq. 732 (E. & A. 1906); West Hoboken v. Syms, 49 N.J.L. 546 (Sup. Ct. 1887). More recently, in Waldor v. Untermann, 10 N.J. Super. 188 (App. Div. 1950), Judge (later Justice) Jacobs held that generally the defense of limitations is waived unless affirmatively raised in due time. In Reale v. Wayne Tp., supra, the court held that the defense of failure to file notice under the act is an affirmative one which must be pleaded, though the omission to so plead could be excused. See also, Hall v. City of Los Angeles, supra.
We recognize that the failure of defendant to plead the neglect of plaintiff to give notice of the claim pursuant to the statute does not necessarily mean that had he been notified of this defense before the expiration of the year a court would have granted leave to serve the notice. However, it is a factor to be considered among others on the issue of estoppel.
On the basis of the particular facts in this case  the actions of plaintiff in reporting the incident to the borough clerk's office, the visit by the insurance company representative, the failure of defendant to plead the defense until over a year had elapsed, plaintiff's reliance on the conduct of defendant's representatives and the lack of prejudice to the borough  we hold that defendant is estopped to raise the *351 defense of failure to comply with the notice provisions of the Tort Claims Act.
Accordingly the judgment is
Reversed.
NOTES
[1] Hereinafter for convenience "plaintiff" will refer only to Mr. Anske.
[2] The complaint also named Bergen County as a codefendant. The borough's answer also asserted a cross-claim against the county for contribution pursuant to the Joint Tort-Feasors Contribution Act, N.J.S.A. 2A:53A-1, et seq., as well as indemnification, stating that its negligence was secondary to that of the county. The county was dismissed from the action when it became apparent that it had no responsibility for the maintenance of the location of the accident.
[3] It does not appear whether the trial court's attention was directed to the pleadings.
[4] All references to sections hereinafter are to N.J.S.A. 59:8-1 to 11 unless otherwise stated.