146 N.J. Super. 509 (1976)
370 A.2d 74
FRANK J. AIELLO, PLAINTIFF,
v.
ALLEN MOORE AND HAINES & KIBBLEHOUSE, INC., JOINTLY, SEVERALLY AND IN THE ALTERNATIVE, DEFENDANTS AND THIRD-PARTY PLAINTIFFS,
v.
BOROUGH OF BELLMAWR, THIRD-PARTY DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided December 3, 1976.
Mr. Henry N. Portner for plaintiff (Messrs. Bennie & Portner, attorneys).
Mr. Salvatore A. Alessi for third-party defendant Borough of Bellmawr (Messrs. Bleakly, Stockwell & Zink, attorneys).
*510 TALBOTT, J.C.C.
This is an automobile negligence action wherein plaintiff moves to file an amended complaint to file a direct claim against a third-party defendant, Borough of Bellmawr, which had already been joined by the third-party plaintiff on a claim for contribution. Plaintiff's motion raises the issue of whether he must comply with the notice provisions of N.J.S.A. 59:8-8 and 59:8-9 in order to file a direct claim against a public entity that has already been joined as a third-party defendant on a claim for contribution. There are no reported cases on point. For the reasons set forth below, the court has concluded that plaintiff may not file a direct claim against the Borough of Bellmawr.
The facts as they relate to this motion are undisputed. Plaintiff was injured on December 18, 1974 when his automobile struck an abutment after skidding on a deposit of oil at the intersection of Creek Road and Harding Avenue in Bellmawr. The deposit of oil was allegedly left by a vehicle operated by defendant Allen Moore and owned by his employer, defendant Haines & Kibblehouse, Inc., a Pennsylvania corporation.
Plaintiff filed suit on January 19, 1976 against defendants Moore and Haines & Kibblehouse, Inc. In June 1976 these defendants obtained leave of court to file a third-party complaint for contribution against the Borough of Bellmawr, alleging that the proximate cause of plaintiff's injuries was the negligence of an employee of the borough. This was plaintiff's first knowledge that the oil spill occurred several hours before the accident, a sufficient time to charge the borough with negligence in not removing the oil. Plaintiff now requests leave of court to amend its complaint to file a direct claim against the borough.
The New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et seq. does not address itself directly to third-party practice. However, both Markey v. Skog, 129 N.J. Super. 192 (Law Div. 1974), cited with approval in Anske v. Palisades Park, 139 N.J. Super. 342, 348 (App. Div. 1976), and *511 Cancel v. Watson, 131 N.J. Super. 320 (Law Div. 1974), dealt with joining a public entity as a third party under the Tort Claims Act. Markey held that a nonpublic defendant's right to join a public entity as a joint tortfeasor on a claim for contribution is not dependent upon plaintiff's prior compliance with the claim presentation provisions of N.J.S.A. 59:8-8. Conversely, Cancel held that a public entity may not be joined as a third-party defendant unless plaintiff has affirmatively complied with the provisions of N.J.S.A. 59:8-8.
The instant case, however, does not come within the ambit of either Markey or Cancel, for here the borough of Bellmawr has already been joined as a third-party defendant.
Absent the fact that the borough has already been joined in this action as a third-party defendant, plaintiff clearly would be barred from bringing a direct action against the borough because both the requisite claim presentation provisions of N.J.S.A. 59:8-8 and the notice of late claim under N.J.S.A. 59:8-9 are well out of time.
N.J.S.A. 59:1-2 declares the State's public policy to be that "public entities shall only be liable for their negligence within the limitations of this act and in accordance with the fair and uniform principles established herein." The substantive parameters of a public entity's limitations on liability are further categorized throughout the Tort Claims Act. However, the act deals only with whether a tort claim fits within a category for which the State has accepted liability. It does not deal with procedural bars other than those detailed in chapter 8 of the act. See Markey v. Skog, supra, 129 N.J. Super. at 204.
When the Legislature abrogated municipal liability it did so subject to the time limitations enunciated in N.J.S.A. 59:8-8 and N.J.S.A. 59:8-9. Under N.J.S.A. 59:8-9 the court has discretion beyond the 90-day limitation, up to one year. Upon the expiration of the one-year period, however, the court no longer has jurisdiction to grant relief. *512 Pinckney v. Jersey City, 140 N.J. Super. 96 (Law Div. 1976).
The Legislature may choose to extend jurisdiction for third-party practice under the Tort Claims Act, but until it does so this court concludes that it is not within the scope of legislative intent to allow a plaintiff to file a direct action against a third-party even though defendant has already been joined. Plaintiff's motion to amend his complaint to file a direct action against the Borough of Bellmawr is denied.