168 N.J. Super. 251 (1979)
402 A.2d 963
EDITH SPEER AND JOHN SPEER, HER HUSBAND, PLAINTIFFS-APPELLANTS,
v.
ROBERT ARMSTRONG AND GERALDINE ARMSTRONG, HIS WIFE, DEFENDANTS AND THIRD-PARTY PLAINTIFFS,
v.
BOROUGH OF CALDWELL, SHADE TREE COMMISSION OF BOROUGH OF CALDWELL AND XYZ COMMISSION OF THE BOROUGH OF CALDWELL, THIRD-PARTY DEFENDANTS AND RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued April 30, 1979.
Decided May 18, 1979.
*253 Before Judges CONFORD, PRESSLER and KING.
Mr. Stephen S. Weinstein argued the cause for appellants (Messrs. Weinstein & Korn, attorneys; Ms. Gail S. Boertzel, on the brief).
Mr. Eugene M. Purcell argued the cause for third-party plaintiffs (Messrs. Purcell, Ries & Shannon, attorneys).
Mr. John S. Fitzpatrick argued the cause for respondents (Messrs. Haggerty & Donohue, attorneys).
The opinion of the court was delivered by PRESSLER, J.A.D.
This appeal raises a narrow but novel problem of construction of the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et seq., and, more specifically, of the late *254 notice provision of N.J.S.A. 59:8-9 in the context of third-party practice. The question before us is whether a plaintiff can be deemed to be in substantial compliance with the one-year limitation of that section of the statute by reason of the action of a nonpublic defendant in filing a notice of claim against and impleading a public third-party defendant within a year following accrual of the plaintiff's cause of action.
The relevant factual complex here is largely undisputed. On May 21, 1975 plaintiff Edith Speer fell on an irregular patch of sidewalk abutted by the property of defendants Armstrong, sustaining serious injuries including a hip fracture. It is her claim that the irregularity which caused her to fall was created by the growth of the root system of a large tree owned by the Borough of Caldwell and located between the sidewalk and the curb. She and her husband, who sues per quod, filed a negligence complaint against the Armstrongs on March 1, 1976. The Armstrongs' attorney inquired of plaintiffs' attorney as to why the borough had not been joined and was advised that the reason therefor was that his investigation had failed to reveal the existence of a Borough Shade Tree Commission. Defendants' attorney was nevertheless confident of municipal liability if there were indeed any liability at all for plaintiff's fall. Accordingly, on May 7, 1976 he filed a notice of claim with the borough in accordance with N.J.S.A. 59:8-4, asserting defendants' right to contribution from the borough in respect of plaintiffs' claim. He also on that date filed a notice of motion for leave to file a late claim pursuant to N.J.S.A. 59:8-9. Such leave was granted on May 20, 1976, and on May 21, 1976, the last day of the first year following the accrual of plaintiffs' cause of action, defendants filed their third-party complaint against the borough and the Borough Shade Tree Commission.
Discovery which was timely initiated vis-a-vis the third-party defendant was unduly delayed in completion because of the intervening incarceration of the borough clerk on unrelated *255 criminal charges and the consequent inability of the new clerk to attend depositions herein scheduled because of the press of his official duties. The borough clerk's deposition was not taken until February 16, 1978, nearly a year and a half after it had been initially noticed. At that time it appeared, despite previous municipal denials, that the borough had in fact enacted a Shade Tree Commission ordinance in 1936 which was still apparently viable. Based on this information plaintiffs then moved for leave to amend their complaint to assert a direct claim against the borough and its Shade Tree Commission. At the same time defendants Armstrong moved for summary judgment dismissing the complaint as against them because of their asserted nonliability for the personal injury consequences of ordinary wear and tear of a public sidewalk abutting their land. The two motions were heard together. Plaintiffs' was denied and defendants' granted and plaintiffs appeal from both determinations.
We consider first the denial of plaintiffs' motion. It was the court's conclusion that it was without discretion to grant plaintiffs the right to proceed directly against the municipal agencies because of plaintiffs' failure to have filed timely notice. We are of the view, however, that this conclusion was in error in view of the operative circumstances here.
N.J.S.A. 59:8-8 conditions a claimant's right to institute an action against a public entity upon his having filed with it a notice of claim within 90 days following the accrual of his cause of action. N.J.S.A. 59:8-9 authorizes the court in its discretion to extend that time to a period not exceeding one year following accrual upon a showing by the claimant both of "sufficient reasons" for his failure to have filed timely and of the likelihood that permitting the late notice will not substantially prejudice the public entity. Once the year has passed, however, the court is without authority to relieve a plaintiff from his failure to have filed a notice of claim, and a consequent action at law must fail. *256 See, e.g., Anaya v. Vernon Tp., 139 N.J. Super. 409 (App. Div. 1976), certif. den. 71 N.J. 494 (1976); Bell v. Camden Cty., 147 N.J. Super. 139 (App. Div. 1977); Fuller v. Rutgers, the State University, 154 N.J. Super. 420 (App. Div. 1977), certif. den. 75 N.J. 610 (1978).
We are satisfied that the compulsion of the one-year limitation on the filing of the notice of claim by a prospective plaintiff is not affected by any of the implications of third-party practice or, more particularly, by the question, still unanswered by an appellate court, of whether a nonpublic defendant wishing to implead a public third-party defendant in order to claim right of contribution or indemnity is bound by the notice provisions of N.J.S.A. 59:8-8 and 59:8-9. Compare Markey v. Skog, 129 N.J. Super. 192 (Law Div. 1974), holding that he is not, with Cancel v. Watson, 131 N.J. Super. 320 (Law Div. 1974), and Kingan v. Hurston, 139 N.J. Super. 383 (Law Div. 1976), holding to the contrary. In our view, even if a third-party public defendant can be impleaded after expiration of the time limitations of these provisions, such an impleader would not revive any right of direct claim in the plaintiff which the plaintiff had already forfeited by his failure of compliance with the required notice provisions. See Aiello v. Allen Moore, 146 N.J. Super. 509 (Law Div. 1976).
We are not, however, here dealing with an attempted revival of a lost right. Here the nonpublic defendants, not risking the uncertainty in the law engendered by the Markey-Cancel controversy, opted to comply with the procedural provisions of the Tort Claims Act in pressing their affirmative claims against the public entities. The contents of their notice of claim conformed strictly with the technical requirements imposed by N.J.S.A. 59:8-4 and identified with exactitude all of the pertinent details of plaintiffs' underlying claim. They, moreover, obtained leave to file after the initial 90-day period and actually commenced the third-party action, all within the year following the accrual of plaintiffs' cause of action. The question, then, is whether in *257 these circumstances plaintiff may rely on the notice of claim filed by defendants as a substantial compliance with their own notice obligation. We see no reason why they may not. We do not perceive how the position of the municipality can be realistically or materially affected in terms of the essentially informational purpose of the notice of claim by the identity of the person filing the notice. Its obligation to investigate the precise claim in question, to formulate a legal position with respect thereto and to prepare its defense is the same whether it receives the notice from plaintiff or from a third-party plaintiff. Its posture in this regard is, in our view, analogous to that of any third-party defendant impleaded in a negligence action prior to the running of the statute of limitations on the plaintiff's cause of action, namely, that the timeliness of the third-party plaintiff's action against him vis-a-vis plaintiff's claim inures to the benefit of plaintiff by permitting plaintiff's subsequent direct action to relate back to the date of the impleader. Lawlor v. Cloverleaf Memorial Park, Inc., 56 N.J. 326 (1970). We are satisfied that both the policy and rationale of Lawlor, which sought to accommodate the sometime competing demands of according a remedy and subserving the principles of repose, are applicable here.
Our conclusion that plaintiffs may rely on defendants' notice of claim does not, however, mandate their right to proceed against the public entities here. All we here hold is that plaintiffs are to be deemed to be in the same position they would have been in had they, not defendants, filed the notice of claim. That holding does not compel the exercise of the trial court's discretion in their favor. It merely accords the trial court the authority to exercise the discretion afforded by N.J.S.A., 59:8-9, viz., whether there were sufficient reasons for plaintiffs not to have filed a notice within 90 days and whether the municipal agencies will be unduly prejudiced by affording efficacy to a notice of claim filed over eleven months after accrual. We deem it appropriate for those determinations to be made in the first instance by the *258 trial judge and we remand for further proceedings toward that end. Should that issue be decided in plaintiffs' favor, leave to amend their complaint to assert a claim against the municipality would not, by reason of the Lawlor principle, be barred by reason of the statute of limitations and should be accordingly considered on its own merits in accordance with R. 4:8-1(b).
There remains for consideration plaintiffs' appeal from the grant of defendants' summary judgment motion. Our review of the record satisfies us that that result was compelled by Yanhko v. Fane, 70 N.J. 528 (1976), which reaffirmed the rule that an abutting landowner is not legally responsible for the condition of a sidewalk caused by natural phenomena or by wear and tear incident to ordinary public use. His liability may be predicated only upon the fact of negligent construction or repair of the sidewalk by himself or a specified predecessor in title or his direct or special use of the sidewalk or some other action taken by him or for his benefit rendering the sidewalk unsafe for passersby. See also, Davis v. Pecorino, 69 N.J. 1 (1975). No showing which would sustain liability was here made or even suggested and the trial judge was, as are we, obliged to follow the law as the Supreme Court states it to be.
The summary judgment dismissing the complaint against defendants is affirmed. The order denying plaintiffs' leave to amend their complaint to make a direct claim against third-party defendants is reversed and remanded for further proceedings consistent herewith.