172 N.J. Super. 592 (1980)
412 A.2d 1342
THOMAS EZZI, PLAINTIFF,
v.
DAWN M. DE LAURENTIS, INDIVIDUALLY AND AS THE AGENT, SERVANT AND/OR EMPLOYEE OF VINCENT D. DE LAURENTIS, AND DAWN M. DE LAURENTIS AND VINCENT D. DE LAURENTIS, J/S/A, DEFENDANTS AND THIRD-PARTY PLAINTIFFS,
v.
TOWN OF HAMMONTON, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, THIRD-PARTY DEFENDANT.
Superior Court of New Jersey, Law Division  Atlantic County.
Decided January 18, 1980.
*594 John Aleli for defendants and third-party plaintiffs (Lloyd, Megargee, Steedle, Youngblood and Franklin, attorneys).
Rocco J. Tedesco for third-party defendant (Greenblatt and Greenblatt, attorneys).
GIBSON, J.S.C.
This is a negligence action arising out of a two-car collision which occurred on July 10, 1976. Plaintiff, driver of the first automobile, sued the driver and owner of the second automobile on July 5, 1978. Approximately a year later, defendants sought leave to join the Town of Hammonton as a third-party defendant, which motion was granted. R. 4:8 1. Neither plaintiff nor defendant has complied with the time and notice provisions of the New Jersey Tort Claims Act, N.J.S.A. 59:8 8, as a result of which the third-party defendant has now moved for summary judgment. All parties agree that the material facts are not in dispute. R. 4:46 2.
*595 There are two primary issues raised by this motion. First, may a defendant implead a public entity as a joint tortfeasor despite plaintiff's failure to comply with N.J.S.A. 59:8 8?[1] Secondly, assuming the first question is answered in the affirmative, is the right to implead a public entity in such a setting dependent on defendant's compliance? There are no appellate decisions which resolve these issues, and although relevant Law Division opinions exist as to the first question, they are in conflict. Research reveals no cases which speak directly to the second issue. The most frequently cited case, and one which is directly on point as to question number one, is Markey v. Skog, 129 N.J. Super. 192 (Law Div. 1974). In that case Judge Pressler (then a County Court judge) held that a plaintiff's failure to file notice as mandated by the Tort Claims Act was not a bar to defendant's claim for contribution against a public entity. The judge concluded that the act must be read together with the Joint Tortfeasors Contribution Law, N.J.S.A. 2A:53A 1 et seq. Since a claim for contribution against a joint tortfeasor does not accrue until the claimant has paid more than his pro rata share of a judgment, he should not be barred by the time and notice provisions which apply to plaintiff. Id. at 200 201, 322 A.2d 513; McGlone v. Corbi, 59 N.J. 86, 94 95 *596 (1971). However, a contrary result was reached in Cancel v. Watson, 131 N.J. Super. 320 (Law Div. 1974). Resting on a broader ground, the judge there ruled that governmental agencies may not be joined as a third-party defendant under the Tort Claims Act at all. This was held to be particularly true where the plaintiff had not acted affirmatively against the public entity involved. Ibid. That result was thereafter followed by the same trial judge in Kingan v. Hurston, 139 N.J. Super. 383 (Law Div. 1976).
Since the Markey-Cancel conflict has remained unresolved by an appellate decision over the last several years, it is unlikely that whatever course is followed here will conclude the debate. Suffice it to say that this court chooses to follow the Markey decision on this issue. The 90-day notice provision under the act runs from the day of the "accrual of the cause of action." N.J.S.A. 59:8 8. As the Comments to N.J.S.A. 59:8 1 make clear, the term "accrual of cause of action shall be defined in accordance with existing law...." Based on the holding in McGlone v. Corbi, it is clear that defendant's claim for contribution does not accrue until it has paid more than its pro rata share of a judgment. The fact that such a claim is asserted outside of the time limits which would control a plaintiff should be irrelevant to its viability under the act. It is true, as pointed out in Cancel, that permitting such claims creates procedural difficulties, Cancel v. Watson, supra 131 N.J. Super. at 324-325; however, such difficulties would exist in any event where the governmental entity is originally joined as a tortfeasor, a result clearly contemplated by N.J.S.A. 59:9 3. This court is further persuaded by the several Law Division opinions which have cited Markey favorably, particularly since the reasoning of one was adopted by the Appellate Division. Rost v. Fair Lawn Bd. of Ed., 137 N.J. Super. 76, 79 (App.Div. 1975); Dambro v. Union Cty. Park Comm'n, 130 N.J. Super. 450, 458 (Law Div. 1974); Wuethrich v. Delia, 134 N.J. Super. 400, 408 (Law Div. 1975); Aiello v. Moore, 146 N.J. Super. 509, 510 (Law Div. 1976); Vedutis v. Tesi, 135 N.J. Super. 337, 344 (Law Div. *597 1975), aff'd o.b. 142 N.J. Super. 492 (App.Div. 1976). See, also, Anske v. Palisades Park, 139 N.J. Super. 342, 348 (App.Div. 1976). It is the opinion of this court, therefore, that plaintiff's noncompliance with the act will not bar the within third-party claim.[2]
None of the reported cases, however, speaks directly to the second issue being examined here  that is, whether defendants' own noncompliance with N.J.S.A. 59:8 8 is fatal to the third-party claim. Having accepted the conclusion that the time limits controlling a plaintiff are not dispositive of a defendant's right to seek contribution from a public entity, one may nevertheless reasonably ask why that defendant should not be required to comply. The procedural requirements of chapter 8 clearly apply to all claims:

No action shall be brought against a public entity under this act unless the claim upon which it is based shall have been presented in accordance with the procedure set forth in this chapter. [N.J.S.A. 59:8 3; emphasis supplied].
Despite this mandate, the net effect of the Markey decision was to permit the joinder of the public entity although there was no compliance by defendant there. N.J.S.A. 59:8 8. The clear implication is that the court did not feel that such compliance was critical. At least one Law Division opinion has read Markey to so hold. Lameiro v. West New York Bd. of Ed., 136 N.J. Super. 585, 590, n. 1 (Law Div. 1975). Indeed, Judge Pressler has interpreted the case as so holding. Speer v. Armstrong, 168 N.J. Super. 251, 256 (App.Div. 1979). See, also, Pressler, 1979 N.J. Court Rules, Comment to R. 4:8 1 at 642. The Markey opinion itself, however, posed the issue only in terms of plaintiff's noncompliance. Markey v. Skog, supra 129 N.J. Super. at 196. Although it is clear from the opinion that it was the view of the court that the purposes of the notice provisions were subordinate to the "overriding equities which underpin the contribution laws" (Id. at 205), nothing was suggested as to why it *598 was necessary to eliminate procedural compliance by a defendant to achieve those equities. It is at this point, therefore, that this court must respectfully depart from Markey.
The language of the Tort Claims Act is clear and unambiguous with respect to its procedural requirements. N.J.S.A. 59:8 3. Having already concluded that the Joint Tortfeasors Contribution Law can be read as not being incompatible with the Tort Claims Act, it cannot be suggested that the combination of these acts creates an ambiguity. Cf. Vedutis v. Tesi, supra. Nor is this a situation where the governmental agency is estopped by its actions from asserting noncompliance, as was the case in Anske v. Palisades Park, supra. Under the circumstances there is no justification for this court ignoring the language which mandates that "no action" shall be maintained unless it is presented in accordance with the procedures outlined. N.J.S.A. 59:8 3.
This conclusion is not reached without recognition of the practical problems it creates. For example, a dismissal of the third-party action at this point would necessarily be without prejudice since, as shown, defendants' action against the municipality has still not accrued.[3] This same conclusion was reached in Reale v. Wayne Tp., 132 N.J. Super. 100, 111 (Law Div. 1975), where the court was confronted with a claim against a municipality by a minor. Under consideration was the effect of the final paragraph of N.J.S.A. 59:8 8, which reads as follows:
Nothing in this section shall prohibit an infant or incompetent person from commencing an action under this act within the time limitations contained herein, after his coming to or being of full age or sane mind.
*599 The court held that this language tolled not only the time for the commencement of an action, but the procedural requirements as well. Accordingly, although it was concluded that the noncompliance with the time and notice provisions justified a dismissal, such a dismissal was ruled to be without prejudice since "there is no bar for the premature commencement of suit ...." Id. at 111.[4] The court went on to examine the facts before it within the context of the stated purposes of the procedural requirements, that is, time for the governmental unit to investigate the claim and to explore settlement. N.J.S.A. 59:8-3. Since the municipality had been in the suit over a year and had ample time to do both, it was ruled that no dismissal was necessary. Reale v. Wayne Tp., supra at 111. In the instant case the municipality had been in the case only 3 1/2 months when the present motion was filed. More significantly, however, it is the view of this court that the procedural requirements must be enforced in any event. Lameiro v. West New York Bd. of Ed., supra 136 N.J. Super. at 585; Vedutis v. Tesi, 135 N.J. Super. at 341.
A dismissal without prejudice unfortunately creates problems of its own. In the present setting the suit will presumably continue as between plaintiff and defendant and discovery will proceed over the next six months, despite the nonparticipation of a party in interest. Once the municipality is rejoined, it will not be bound by prior discovery and duplication may occur. At the very least, the main action will probably be delayed. On the other hand, these potential problems do not compel a conclusion that compliance with the statute in this setting serves no legislative purpose. See Fuller v. Rutgers, The State University, 154 N.J. Super. 420, 425 (App.Div. 1977), certif. den. 75 N.J. *600 610 (1978). To the extent that the statutory mandate creates inequities, the remedy lies with the Legislature and not with this court. Matawan v. Monmouth Cty. Tax Bd., 51 N.J. 291, 298 (1968). Alternatively, the municipality may determine that its interests would best be served here by waiving insistence on compliance. Such a waiver, however, should be made by the municipality.
In conclusion, it is the ruling of this court that plaintiff's failure to comply with the time and notice provisions of N.J.S.A. 59:8 8 will not bar defendants' third-party claim for contribution against the municipality. The third-party claim here is nonetheless barred because of the defendants' own noncompliance. N.J.S.A. 59:8 3. Since defendants' claim for contribution has yet to accrue, however, the dismissal is without prejudice.
NOTES
[1] N.J.S.A. 59:8 8 reads as follows:

A claim relating to a cause of action for death or for injury to person or to property shall be presented as provided in this chapter not later than the ninetieth day after accrual of the cause of action. After the expiration of 6 months from the date notice of claim is received, the claimant may file suit in an appropriate court of law. The claimant shall be forever barred from recovering against a public entity if:
a. He failed to file his claim with the public entity within 90 days of accrual of his claim except as otherwise provided in section 59:8 9: or
b. Two years have elapsed since the accrual of the claim; or
c. The claimant or his authorized representative entered into a settlement agreement with respect to the claim.
..........
[2] Subsequent to the writing of this opinion but prior to its approval for publication the Appellate Division decided D'Annunzio v. Wildwood Crest, 172 N.J. Super. 85 (App.Div. 1980). That decision followed Markey v. Skog and specifically disapproved Cancel and Watson.
[3] As pointed out in Markey, joinder in advance of accrual is permitted as a device of procedural convenience. Markey v. Skog, supra 129 N.J. Super. at 200.
[4] Reale also involved the derivative claim of the minor's parent. As to that issue, however, the court ruled that the dismissal should be with prejudice. This conclusion was rejected by the Appellate Division in Rost v. Fair Lawn Bd. of Ed., supra 137 N.J. Super. at 79.