197 N.J. Super. 539 (1984)
485 A.2d 350
HERMINIA PERELLO, ET ALS., PLAINTIFFS,
v.
LAWRENCE D. WOODS, ET AL., DEFENDANTS,
v.
CITY OF NEWARK, THIRD-PARTY DEFENDANTS.
Superior Court of New Jersey, Law Division Essex County.
Decided October 11, 1984.
*541 Goldstein, Ballen, O'Rourke & Wildstein, P.A., for plaintiffs.
Zavesky, Kelly & Madden, for defendant Lawrence D. Woods.
Urban & Melli, for defendant Adelfa Sanchez.
Janice Montana, Assistant Corporation Counsel, for third-party defendant City of Newark (John C. Pidgeon, Acting Corporation Counsel.)
YANOFF, J.S.C. (Retired, on Recall).
The fact pattern in this case is the same as that in Ezzi v. DeLaurentis, 172 N.J. Super. 592 (Law Div. 1980). Plaintiff Herminia Perello, a passenger in an automobile struck by another automobile, operated by defendant Lawrence D. Woods (Woods) started suit against him. As in Ezzi, no notice of claim against the municipality, pursuant to N.J.S.A. 59:8-8, was filed. Woods filed a third-party complaint for contribution against the City of Newark, alleging malfunction of a traffic light at an intersection. The City moved to dismiss the third-party complaint for failure of third-party plaintiff to file notice of claim pursuant to N.J.S.A. 59:8-8. In Ezzi the Court dealt with the problem involved by dismissing the third-party complaint against the municipal entity, saying, however, that it did not thereby deprive the defendant of its cause of action for contribution because the time for filing would not begin to run until judgment was actually entered against him. Id., 172 N.J. Super. at 599. Comparison of Ezzi with Markey v. Skog, 129 N.J. Super. 192 (Law Div. 1974), causes me to reach a result different than that reached in Ezzi.
*542 Markey held that a claim for contribution could be filed by a defendant against a public entity, even when the plaintiff had not complied with N.J.S.A. 59:8-8. Cancel v. Watson, 131 N.J. Super. 320 (Law Div. 1974), reached a contrary conclusion. D'Annunzio v. Wildwood Crest, 172 N.J. Super. 85 (App.Div. 1980), decided about the same time as Ezzi, held that Markey, rather than Cancel, correctly presented the law as to contribution against a public entity. D'Annunzio, supra, 172 N.J. Super. at 91.
Cancel read the Municipal Tort Claims Act literally, 131 N.J. Super. at 323; Markey dealt with legislative policy and the purpose behind the language of the statute. See Markey, supra, 129 N.J. Super. at 199-204. I employ the approach of Markey here, and therefore rule differently than did the Court in Ezzi.
N.J.S.A. 59:9-3 provides:
Notwithstanding any other law, in any case where a public entity or public employee acting within the scope of his employment is determined to be a joint tortfeasor:
a. The public entity or public employee shall be required to contribute to a joint tortfeasor only to the extent of the recovery provided for under this act;

b. Any payment received by the injured party on account of a settlement or a judgment paid by an alleged tortfeasor shall be reduced pro tanto from the injured party's judgment against any other tortfeasor. [Emphasis supplied.]
Cancel relied upon the limiting words in subparagraph a "only to the extent of the recovery provided for under this act," to exclude third-party practice for contribution. See 131 N.J. Super. at 326. Markey viewed the statute as carrying forth the equitable provisions of the Joint Tortfeasors Contribution Law, N.J.S.A. 2A:53-1 et seq.
Development of the Tort Claims Act in New Jersey courts parallels treatment of the Joint Tortfeasors Contribution Law. The New Jersey statute is modelled on the uniform act which contained provisions for third-party practice, Uniform Joint Tortfeasor Contribution Act § 3(a), 12 U.L.A. 88 (1975), omitted in the New Jersey statute. In Sattelberger v. Telep, 14 N.J. 353 (1954), the Court held that the Joint Tortfeasors *543 Contribution Law created a cause of action by a joint tortfeasor who pays more than his pro rata share of damages, though not named as a defendant in the original action. Id., 14 N.J. at 362. The right to contribution arises after payment by the defendant. Id., 14 N.J. at 366. Nevertheless, in Sattelberger the Court stated that a defendant could bring a third party into the original proceedings through third-party practice, noting that the provision in the Uniform Act was optional to accommodate those states which already had provisions for such practice. Id., 14 N.J. at 369.
In New Jersey a joint tortfeasor may be brought in by a defendant for the purpose of obtaining contribution under R. 4:8-1. Pressler, Current New Jersey Court Rules, Comment R. 4:8-1 (1984), states:
A third-party complaint may, of course, set forth a cause of action for contribution against an alleged joint tortfeasor who is a non-party to the litigation even though the cause of action for contribution does not accrue until payment by the defendant seeking contribution and even though the applicable statute of limitations would bar a direct claim by the plaintiff against the alleged joint tortfeasor.... Thus a third-party complaint for contribution by either public or non-public defendant may be served upon a public entity covered by the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et seq., although neither the plaintiff nor the third-party plaintiff has, with respect to the third-party defendant, complied with the time requirements of N.J.S.A. 59:8-8, and although that noncompliance would bar the plaintiff from amending his complaint to state a direct claim against the third-party defendant.
R. 4:8-1(a) provides in part:
Within 30 days after the service of his original answer, a defendant, as third-party plaintiff, may serve a summons and complaint, together with a copy of plaintiff's complaint, upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him and may also assert any claim which he has against the third-party defendant involving a common question of law or fact arising out of the same transaction or series of transactions as the plaintiff's claim.
Significantly, a third-party complaint may be instituted as of right, not only where the third-party plaintiff has an established cause of action, but against someone who "may be liable to him for all or part of the plaintiff's claim against him." The object of the Rule is to avoid multiplicity of action. Bray v. Gross, 16 N.J. 382, 386 (1954). The Rule also protects a defendant from *544 an inconsistent interpretation or resolution of factual disputes, since a joint tortfeasor could not be bound by an action to which it was not a party. Sattelberger, supra, 14 N.J. at 366.
As to a claim of contribution among defendants, Markey states:
The assertion by codefendants in a negligence action of a right of contribution inter sese and the right of a defendant to implead a joint tortfeasor by a third-party complaint before plaintiff's cause of action has been reduced to a judgment are merely devices of procedural convenience afforded by the rules of practice. See R. 4:7-5 and R. 4:8-1. [129 N.J. Super. 200.]
Once a defendant has been joined either as a third-party or as a joint tortfeasor, the discovery process is set in motion. When the case comes to trial all aspects of it, including claims among defendants, can be definitively resolved. It is at this point that the problems with Ezzi become apparent because of its ruling that a defendant who seeks contribution against a public body must wait until payment to institute suit. In all likelihood this would occur after the litigation between the plaintiff and the defendant had been completed. In the subsequent suit a new round of discovery would take place, much of it probably sheer duplication of what had already transpired. If there is discovery from the outset, the controversy can be resolved in one piece of litigation. This is in keeping with the objectives of the "entire controversy rule." See Applestein v. United Board & Carton Corp., 35 N.J. 343, 356 (1961).
While Speer v. Armstrong, 168 N.J. Super. 251 (App.Div. 1979), does not deal directly with the controversy here, its holding supports the conclusion I have reached. In that case plaintiff failed to file timely notice against the municipal entity. The defendant, seeking contribution, did file timely notice. The question before the Court was stated to be "whether a plaintiff can be deemed to be in substantial compliance with the one-year limitation of that section of the statute by reason of the action of a nonpublic defendant in filing a notice of claim against and impleading a public third-party defendant within a year following *545 accrual of the plaintiff's cause of action." Id., 168 N.J. Super. at 254.
The trial court denied plaintiff's motion to amend the complaint by making the public entity a direct defendant, concluding that it had no discretion to do so since plaintiff had failed to file timely notice. This was held error. In the course of the appellate opinion, Judge Pressler said:
Our conclusion that plaintiffs may rely on defendant's notice of claim does not, however, mandate their right to proceed against the public entities here. All we here hold is that plaintiffs are to be deemed to be in the same position they would have been in had they, not defendants, filed the notice of claim. That holding does not compel the exercise of the trial court's discretion in their favor. It merely accords the trial court the authority to exercise the discretion afforded by N.J.S.A. 59:8-9, viz., whether there were sufficient reasons for plaintiffs not to have filed a notice within 90 days and whether the municipal agencies will be unduly prejudiced by affording efficacy to a notice of claim filed over eleven months after accrual. [Id., 168 N.J. Super. at 257.]
The lesson to be drawn from this ruling is that in considering actions for contribution against public entities a court should be concerned with the substance of the notice given to the public entity in the litigation, rather than technical compliance with N.J.S.A. 59:8-8. In the case at bar, as in Speer, the proceedings in the action itself have given the municipality more information than compliance with Section 8 could have.
What remains open is what has happened to N.J.S.A. 59:8-8 in the process, which requires that a notice of claim be filed within 90 days of the accrual of the cause of action. It is possible to interpret this clause as requiring a notice of claim within 90 days of the events which create a cause of action in the plaintiff, rather than the events which create a cause of action for contribution in the defendant. See Markey, supra, 129 N.J. Super. at 198. One of the purposes of the notice requirement is to afford the governmental entity an opportunity to investigate the events which gave rise to liability. Lameiro v. West New York Bd. of Ed., 136 N.J. Super. 585, 588 (Law *546 Div. 1975); N.J.S.A. 59:8-3, Comment. Because liability of a public entity for contribution is related to its potential liability in tort to the plaintiff, investigation necessarily focuses on the events creating a cause of action in the plaintiff. Therefore, it is logical to interpret the provision as requiring a notice of claim to be filed within 90 days of these events, even though the defendant's cause of action for contribution does not accrue until a judgment is actually entered against him.
From the defendant's viewpoint, however, interpreting the provision to require a notice of claim within 90 days of the accrual of the plaintiff's cause of action creates an inequity because he may not even learn that he has a potential contribution claim within this period, since the plaintiff may not file suit until well after the 90-day period. In Markey, the Court resolved this dispute by looking to the general purpose of the Tort Claims Act. It noted that the Act was essentially for the purpose of delineating the substantive liability of governmental entities. Markey, supra, 129 N.J. Super. at 204. The Act itself recognized potential liability as a joint tortfeasor in N.J.S.A. 59:9-3. Furthermore, N.J.S.A. 59:1-2 declares that governmental liability should be in accordance with "fair and uniform principles." To subject the defendant's right to contribution to the whims of the plaintiff or the legal competency of its counsel, would run counter to that principle. The very purpose of the Joint Tortfeasor Contribution Law is to alleviate the inequity of the common law rule as to joint tortfeasors. Id., 129 N.J. Super. at 199.
I am cognizant that Lameiro v. West New York Bd. of Educ., 136 N.J. Super. 585 (Law Div. 1975), and Reale v. Wayne Tp., 132 N.J. Super. 100 (Law Div. 1975), take the position that the filing of a complaint is not substantial compliance with the requirements of N.J.S.A. 59:8-8. These cases, however, must be read in the light of their facts. Both considered the adequacy *547 of a direct complaint against a public entity by the plaintiff. The overriding concerns of affording such an entity an opportunity to settle the claim prior to litigation simply do not exist when the adequacy of a third-party complaint is in question. First, there is already litigation in process. To hold that a third-party complaint under no circumstances satisfies the requirements of N.J.S.A. 59:8-8 would encourage governmental entities to hold back from attempts to settle disputes until resolution of the plaintiff's primary complaint, because a claim for contribution is essentially derivative from the plaintiff's claim against the defendant. In fact, allowing the third-party complaint to serve as adequate notice encourages the settlement of claims arising from a particular event, because it makes the governmental entity a party to the dispute between the plaintiff and defendant at the earliest possible moment. There is no problem in identifying the facts of the claim against the public entity because the plaintiff's complaint and discovery have already done so. To insist upon compliance with the facts in this case, would be to require adherence to form rather than a realistic requirement.
Second, the countervailing considerations of eliminating multiplicity of litigation and diminishing the risk of contradictory findings by the trier-of-fact which lie behind our third-party practice, militate against applying the rule laid down in Reale, supra, in this case. In the absence of a specific mandate in the Tort Claims Act itself, which does not specifically address the problem of third-party practice, the more reasonable approach is to hold contrary to Ezzi, supra, and not require a defendant to file a notice of claim when the litigation provides the information mandated by N.J.S.A. 59:8-4, even though not in the precise form of N.J.S.A. 59:8-8.
The motion to dismiss the third-party complaint is denied. The successful party shall submit an appropriate order under the Rules.