236 N.J. Super. 529 (1989)
566 A.2d 546
JOSEPH PILONERO, PLAINTIFF,
v.
TOWNSHIP OF OLD BRIDGE, BOROUGH OF SAYREVILLE, COUNTY OF MIDDLESEX AND JOHN DOE ENTITIES, # 1-5, DEFENDANTS. MARGARET TIRPAK AND LOUIS TIRPAK, HUSBAND AND WIFE, PLAINTIFFS-RESPONDENTS,
v.
JOSEPH M. PILONERO, DEFENDANT, AND TOWNSHIP OF OLD BRIDGE, BOROUGH OF SAYREVILLE, COUNTY OF MIDDLESEX, JOHN DOE ENTITIES # 1-10 (FICTITIOUS NAMES, REAL NAMES UNKNOWN), ET AL., DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Submitted October 25, 1989.
Decided November 20, 1989.
*530 Before Judges KING, SHEBELL and BAIME.
Convery, Convery & Shihar, attorneys for appellant Township of Old Bridge (Simon L. Kaufman, on the brief).
Morgan, Melhuish, Monaghan, Arvidson, Abrutyn & Lisowski, attorneys for appellant Borough of Sayreville (John I. Lisowski, of counsel; Gina M. Sorge, on the letter brief).
Lynch, Martin & Philibosian, attorneys for appellant County of Middlesex (John J. Kane, on the brief).
D. Bruce Unger, attorney for respondents Margaret and Louis Tirpak.
Joseph Pilonero did not file a brief.
The opinion of the court was delivered by SHEBELL, J.A.D.
At issue in this appeal is whether plaintiffs may amend their complaint to join several public entities as defendants where the public entities were served with a timely notice of claim by a different injured plaintiff involving the same accident. We granted defendants leave to appeal from an order denying their *531 motions for summary judgment against Margaret Tirpak and Louis Tirpak, her husband (plaintiffs). Plaintiffs instituted this action seeking damages for injuries suffered by Margaret resulting from an automobile accident which occurred on February 3, 1987, involving the Tirpak vehicle and one driven by defendant Joseph Pilonero (Pilonero). Pilonero alleges that he lost control of his vehicle as a result of the roadway being slippery.
On April 9, 1987, Pilonero filed a timely Notice of Tort Claims, in accordance with the Tort Claims Act (Act), N.J.S.A. 59:8-1 et seq., with defendants Township of Old Bridge, Borough of Sayreville and County of Middlesex (public entities). On December 18, 1987, Pilonero instituted suit against the three public entities alleging that they failed to properly maintain the roadway or warn against the slippery or icy road conditions where the motor vehicle accident occurred near the boundary of Sayreville and Old Bridge.
On July 14, 1988, plaintiffs filed suit against Pilonero for negligent operation of his vehicle and for loss of consortium. On October 25, 1988, plaintiffs filed a motion to amend their complaint against Pilonero to name the three public entities as defendants. The motion also requested that the court consolidate the Tirpak matter with the Pilonero matter. No notice of claim or motion seeking leave to file a late notice of claim pursuant to N.J.S.A. 59:8-9 was filed by plaintiffs at any time.
Defendant county opposed the motion to amend and consolidate, arguing that plaintiffs' claim against it should be dismissed for failure to comply with the provisions of the Act. On November 17, 1988, the assignment judge entered an order permitting plaintiffs to amend the complaint to name the public entities and to consolidate the cases.
In or about late January and early February 1989, the three public entities filed motions for summary judgment for failure to file timely notices of claim pursuant to the Act. On March 3, *532 1989, the judge assigned to summary judgment motions entered an order denying summary judgment. She held that the notice issue was res judicata, as it was already decided in the November 17, 1988 order. The public entities then moved for and were granted leave to appeal to this court.
Plaintiffs assert that defendants should be estopped from claiming lack of notice because the public entities were served by Pilonero with Tort Claims notices pertaining to the motor vehicle collision. N.J.S.A. 59:8-8 provides:
A claim relating to a cause of action for death or for injury to persons or to property shall be presented as provided in this chapter not later than the ninetieth day after accrual of the cause of action.... The claimant shall be forever barred from recovering against the public entity if:
a. He failed to file his claim with the public entity within 90 days of accrual of his claim except as otherwise provided in section 59:8-9....
Further, N.J.S.A. 59:8-9 provides:
A claimant who fails to file notice of his claim within 90 days as provided in section 59:8-8 of this act, may, in the discretion of a judge of the superior court, be permitted to file such notice at any time within 1 year after the accrual of his claim provided that the public entity has not been substantially prejudiced thereby. Application to the court for permission to file a late notice of claim shall be made upon motion based upon affidavit showing sufficient reason for his failure to file notice of claim within the period of time prescribed by section 59:8-8 of this act; provided that in no event may any suit against a public entity arising under this act be filed later than two years from the time of the accrual of the claim.
Under N.J.S.A. 59:8-8, a claimant's right to institute an action against a public entity is conditioned upon the claimant having filed with the public entity a notice of claim within 90 days following the accrual of the cause of action. However, N.J.S.A. 59:8-9 authorizes the court, in its discretion, to extend that time to a period not exceeding a year following accrual of the cause of action. See Speer v. Armstrong, 168 N.J. Super. 251, 255 (App.Div. 1979); see also In re Matter of Roy, 142 N.J. Super. 594 (App.Div.), certif. den., 71 N.J. 504 (1976).
After the one-year limitation has passed, "the court is without authority to relieve a plaintiff from his failure to have filed a notice of claim, and a consequent action at law must fail." *533 Speer, 168 N.J. Super. at 255-56, citing Anaya v. Vernon Tp., 139 N.J. Super. 409, certif. den., 71 N.J. 494 (1976); Fuller v. Rutgers, The State University, 154 N.J. Super. 420 (1977), certif. den., 75 N.J. 610 (1978); Bell v. County of Camden, 147 N.J. Super. 139 (1977).
The rationale underlying the notice requirement of the Act is to expedite investigation with the hope of reaching a nonjudicial settlement and to allow the public entity prompt access to information about the claim so that it may prepare a defense. See S.E.W. Friel Co. v. N.J. Turnpike Authority, 73 N.J. 107, 118 (1977); see also Lameiro v. West New York Bd. of Ed., 136 N.J. Super. 585 (Law Div. 1975); Marino v. City of Union City, 136 N.J. Super. 233, 235-36 (Law Div. 1975); Reale v. Wayne Tp., 132 N.J. Super. 100, 109 (Law Div. 1975); Dambro v. Union Cty. Park Comm'n, 130 N.J. Super. 450, 455 (Law Div. 1974).
Plaintiffs' argument that the public entities have received timely notice from the other driver and, therefore, may not assert lack of notice is without merit. It cannot be concluded, as plaintiffs urge, that defendants' investigation of the Pilonero claim yielded the public entities "an abundance of knowledge concerning the claim of all parties, sufficient to fulfill the requirements of the Tort Claims Act." There is no indication that the public entities had notice of plaintiff Margaret Tirpak's injuries, and that claims would be made against them for damages related to plaintiff's involvement in the accident.
Speer v. Armstrong is distinguishable from the present facts. Speer involved a third-party complaint. Speer was injured due to a fall on an irregular patch of sidewalk abutting the private-party defendant's property. Speer, 168 N.J. Super. at 254. Speer claimed that the defect which caused her fall was created by the root of a tree owned by the Borough. She sued the property owner but did not join the Borough. Within one year of the date of the accident, defendant property owner filed a notice of claim with the Borough in accordance with N.J.S.A. 59:8-4 and also filed a notice of motion for leave to file a late *534 claim pursuant to N.J.S.A. 59:8-9. Ibid. Defendant then filed a third-party complaint against the Borough and the Borough Shade Tree Commission. Ibid. After one year from the date of her accident had passed, plaintiff moved for leave to amend her complaint to assert a direct claim against the third-party defendants. Id. at 255.
In Speer the trial court concluded that it was without discretion to grant plaintiffs the right to proceed directly against the municipal agency because of plaintiffs' failure to have filed timely notice. Ibid. We reversed, stating that the question before us was "whether in these circumstances plaintiff may rely on a notice of claim filed by defendants as a substantial compliance with their own notice obligation." Id. at 256-57. We held that the plaintiff in Speer could rely on defendant's notice, stating we did not "perceive how the condition of the municipality can be realistically or materially affected in terms of essential informational purpose of a notice of claim by the identity of the person filing the notice." Id. at 257. In Speer the entity's position was the same whether it received notice from the plaintiff or from the third-party plaintiff.
Here, two entirely separate claims by different parties with different injuries and damages are involved. Pilonero's complaint and notice of claim do not mention Tirpak by name, only indicating that there was a collision with another car. Defendants properly contend, pursuant to N.J.S.A. 59:8-9, that the trial court lacks jurisdiction in light of the failure to file a timely notice of claim. See Hill v. Bd. of Ed. of Middletown Tp., 183 N.J. Super. 36 (App.Div.), certif. den., 91 N.J. 233 (1982).
While our courts have held that substantial compliance with the notification requirements may be sufficient, Lameiro, 136 N.J. Super. at 588, citing Dambro v. Union Cty. Park Comm'n, 130 N.J. Super. 450, we cannot agree that notice which does not advise of the claim for plaintiff's injuries constitutes substantial compliance. As the court ably stated in Lameiro:

*535 Substantial compliance, however, is based on the notion that substantially all of the required information has been given to those to whom the notice should be given and that it has been given in a form which should alert the recipient to the fact that the claim is being asserted against the sovereign. To put it another way, substantial compliance means that the notice has been given in a way, which, though technically defective, substantially satisfies the purpose for which notices of claims are required. [136 N.J. Super. at 588].
Similarly, in Fuller v. Rutgers, The State University, 154 N.J. Super. 420 (App.Div. 1977), we held that plaintiff's motion for leave to file a late notice, two years after the accident, was properly denied despite the fact that defendant received informal notice within 90 days of an accident. We stated "it is clear that a judge is powerless under the statute to exercise any discretion or to act after a period of one year has elapsed...." Id. at 423.
Here, even knowledge that plaintiff Margaret Tirpak was involved in the accident would not impute notice to the public entities that she was injured and might be instituting a suit against them. The Pilonero notice did not give rise to the requisite level of substantial compliance. Cf. Milacci v. Mato Realty Co., Inc., 217 N.J. Super. 297 (App.Div. 1987) (per quod claim permitted where husband's name and date of birth appeared on the form timely filed by wife); Anske v. Borough of Palisades Pk., 139 N.J. Super. 342 (App.Div. 1976).
Plaintiffs argue that defendants should be estopped from asserting lack of knowledge because they did not sufficiently articulate the defense in opposition to the original motion to amend and consolidate. To support their argument, plaintiffs cite Hill v. Bd. of Ed. of Middletown Tp., 183 N.J. Super. 36 (App.Div.), certif. den., 91 N.J. 233 (1982); Anske v. Borough of Palisades Pk., 139 N.J. Super. 342 (App.Div. 1976), and Marley v. Borough of Palmyra, 193 N.J. Super. 271 (Law Div. 1983). These cases note that equitable notions of estoppel may be applicable, but this would be in instances where the defendant did not affirmatively plead lack of compliance until after a substantial period of time had elapsed. See Hill, 183 N.J. Super. at 40; Anske, 139 N.J. Super. at 350; Marley, 193 N.J. Super. *536 at 299-301. Here, the public entities pleaded the affirmative defense in their answers.
We need not consider plaintiffs' contention that because defendants' opposition to the motion to amend and consolidate implicated the "same legal argument" that it could not properly be a basis for a summary judgment motion. It is clear that we could review the prior ruling of the assignment judge as part of our review of any final judgment that might ultimately have been entered. Therefore, we may consider the propriety of the earlier ruling at this time. Doctrines of "law of the case" or "res judicata" are not applicable to our consideration of the issue presented.
Plaintiffs argue that the "discovery rule" is applicable to this case because it was only after Margaret Tirpak had been subpoenaed by the attorney for the County in June of 1988 for a deposition, that she learned of the possible liability of the public entities. Thus, plaintiffs maintain that June of 1988 should be the point where their duty to notify the public entities accrued.
In order to mitigate the harsh results of rigid adherence to the generally accepted statute of limitations rule, courts have created a "discovery" exception. Martin v. Tp. of Rochelle Park, 144 N.J. Super. 216, 220 (App.Div. 1976). Under the "discovery rule," the statute of limitations does not begin to run until the injured party becomes aware, or should become aware, of the existence of his or her injury, or that the injury is due to the fault of a previously unidentifiable individual or entity. See Vispisiano v. Ashland Chem. Co., 107 N.J. 416, 425 (1987); Lopez v. Swyer, 62 N.J. 267, 273 (1973); Fernandi v. Strully, 35 N.J. 434 (1961). By its own terms, this exception applies only where the injured party has no reason to know of the existence of a claim. Lopez, 62 N.J. at 273. Our Supreme Court has stated: "Once a person knows or has reason to know this information, his or her claim has accrued since, at that point, he or she is actually or constructively aware `of that state *537 of facts which may equate in law with a cause of action.'" Abboud v. Viscomi, 111 N.J. 56, 63 (1988), quoting Burd v. New Jersey Tel. Co., 76 N.J. 284, 291 (1978).
Not only was plaintiff aware of the accident and her injury, the police report of the accident states that Pilonero advised that he lost control of his vehicle on the icy roadway and skidded into the northbound lane. The report also indicates that the road was icy and unsanded. Plaintiffs must therefore be charged with knowledge of the possibility of liability of the entities. We deem the "discovery rule" inapplicable as liability should have been discovered by the exercise of reasonable diligence.
Reversed and remanded for entry of summary judgment as to the three public entities.