**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3495-16T2

NAQEEBULLAH HABIBI,

    Plaintiff-Appellant,

v.

SCO DOUGHERTY, SCO CORNEJO,
SCO PORTLAND, SCO LLOYD,
SCO GERMANIO, SCO MARINER,
SCO TONGO, SCO YOLMING,
SCO GREEN, SCO DIBENEDETTO,
SGT. MEYERS, LT. CLEMENT,
ADMIN. JOHN POWELL, BAYSIDE
SID OFFICERS, and COMMISSIONER
LANIGAN,

    Defendants-Respondents.

_____

        Submitted June 19, 2018 — Decided July 13, 2018

        Before Judges Simonelli and Koblitz.

        On appeal from Superior Court of New Jersey,
        Law Division, Cumberland County, Docket No.
        L-0095-17.

        Naqeebullah Habibi, appellant pro se.

        Gurbir S. Grewal, Attorney General, attorney
        for respondent New Jersey Department of
        Corrections (Melissa Dutton Schaffer,
        Assistant Attorney General, of counsel; Daniel

M. Vannella and Daveon M. Gilchrist, Deputy
Attorneys General, on the brief).

PER CURIAM

Plaintiff Naqeebullah Habibi appeals from the March 17, 2017 Law Division order, which denied his motion to file a late notice of tort claim. In his affidavit submitted in support of the motion, he claimed an incident occurred on July 17, 2015 and identified the individuals allegedly involved, but did not describe the incident or specify the individuals' involvement.[1] He also claimed that:

> [Special Investigations Division (SID)] officers visited [him] surrounding tort allegations and informed [him] that [they] were conducting an investigation and upon the completion of that investigation [he] would be informed and would then be able . . . to pursue [his] tort claim and/or lawsuit. [He] waited for this communication past the [ninety] day time limit to file the notice of tort claim but was never contacted again regarding this matter. [He] then filed a notice of tort claim with the [Department] of the Treasury, Division of Risk Management, on or around July 21, 2016, and [has] not received any response to date from that office.

The motion judge denied the motion, finding it was not filed within one year of accrual of the claim, as required by the New

---

[1] We decline to consider additional facts in plaintiff's merits brief that are not supported by an affidavit. See N.J.S.A. 59:8-9.

Jersey Tort Claims Act (TCA), N.J.S.A. 59:8-9.  Addressing the merits, the judge found plaintiff failed to show exceptional circumstances and there was no compelling justification or out of the ordinary circumstances that would permit granting the motion.

On appeal, defendant argues there were extraordinary circumstances justifying the delay in filing the motion for leave to file a late notice of claim based on the conduct of the SID officers and lack of substantial prejudice to defendants by the later filing.  We disagree.

Under the TCA, a claimant must file a notice of claim against a public entity no later than ninety days after accrual of the cause of action.  N.J.S.A. 59:8-8(a).  The court may permit the late filing of a notice of claim "at any time within one year after the accrual of his claim provided that the public entity or the public employee has not been substantially prejudiced thereby."  N.J.S.A. 59:8-9.  "After the one-year limitation has passed, 'the court is without authority to relieve a plaintiff from his failure to have filed a notice of claim, and a consequent action at law must fail.'"  Pilonero v. Twp. of Old Bridge, 236 N.J. Super. 529, 532 (App. Div. 1989) (quoting Speer v. Armstrong, 168 N.J. Super. 251, 255-56 (App. Div. 1979)).

A party seeking to file a late notice of claim within the one-year limitation period must file a "motion supported by

affidavits based upon personal knowledge of the affiant showing sufficient reasons constituting extraordinary circumstances for his failure to file notice of claim within the period of time prescribed by [N.J.S.A.] 59:8-8[.]" N.J.S.A. 59:8-9. "[T]he filing of 'a late notice of claim with an entity without leave of court is a nullity and does not constitute substantial compliance with the terms of [N.J.S.A. 59:8-9].'" Rogers v. Cape May Cty. Office of Pub. Defender, 208 N.J. 414, 427 (2011) (second alteration in original) (quoting Margolis & Novack, Claims Against Public Entities, cmt. on N.J.S.A. 59:8-9 (2011)).

The decision to grant permission to file a late notice of claim within the one-year limitation period "is a matter left to the sound discretion of the trial court, and will be sustained on appeal in the absence of a showing of an abuse thereof." Mendez v. So. Jersey Transp. Auth., 416 N.J. Super. 525, 532 (App. Div. 2010) (quoting Lamb v. Global Landfill Reclaiming, 111 N.J. 134, 146 (1988)). Nevertheless, this "discretion is limited" because the late claimant must show "'sufficient reasons constituting extraordinary circumstances' for the delay and [that] there is no 'substantial[] prejudice[]' to the public entity or employee." R.L. v. State-Operated Sch. Dist., 387 N.J. Super. 331, 340 (App. Div. 2006) (second and third alterations in original) (citation omitted).

Here, plaintiff's alleged cause of action accrued on July 17, 2015. Thus, he had ninety days, or until October 13, 2015, to file his notice of tort claim, N.J.S.A. 59:8-8(a), and one year, or until July 18, 2016,[2] to file a motion for leave to file a late notice of claim. N.J.S.A. 59:8-9. He did not file the motion until January 27, 2017. Thus, the judge was without the authority to grant him permission to file a late notice of claim. Pilonero, 236 N.J. Super. at 532.

Even if plaintiff had filed his motion within the one-year limitation period, he did not show extraordinary circumstances or compelling justification for the delay. The conduct of the SID officers did not prevent plaintiff from timely filing a notice of claim, as he eventually filed one with the Department of the Treasury without having received any communications from them. Accordingly, the judge properly denied plaintiff's motion for leave to file a late notice of claim.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[2] July 17, 2016 was a Sunday, making July 18, 2016 that last day to file the motion. R. 1:3-1.