**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0952-23

LISA PESCI,

 Plaintiff-Appellant,

v.

TOWNSHIP OF PARSIPPANY,

 Defendant-Respondent.

_____

Argued September 11, 2024 – Decided September 20, 2024

Before Judges Mayer and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Docket No. L-1647-20.

John E. Horan argued the cause for appellant (Horan & Aronowitz, LLP, attorneys; John E. Horan, on the briefs).

Scott D. Salmon argued the cause for respondent (Jardim Meisner Salmon Sprague & Susser, PC, attorneys; Scott D. Salmon, of counsel and on the brief; Tracy L. Lucas, on the brief).

PER CURIAM

Plaintiff Lisa Pesci appeals from an October 20, 2023 order granting summary judgment in favor of defendant Township of Parsippany-Troy Hills (Township)[1] and dismissing her complaint with prejudice. We affirm.

We recite the facts from the motion record. In 1978, plaintiff purchased a home in the Township. She installed a swimming pool on her property around 1979 and undertook repairs to the pool in 2000 and again in 2015.

Plaintiff complained to the Township about drainage issues affecting her property in 2004. In 2014, the Township addressed water run-off issues by installing a drain pipe in the cul-de-sac abutting plaintiff's home. In 2018, the Township voluntarily installed a drainage system to address water issues in the plaintiff's backyard, even though the Township had no legal obligation to do so.

According to plaintiff, when the Township installed a drainage pipe in the backyard, she discovered her swimming pool suffered damage due to the long-standing drainage issues. Additionally, plaintiff asserted the Township removed shrubbery and mature foliage when it undertook drainage work in her backyard. Further, plaintiff contended the Township's vehicles damaged her driveway when the Township installed the backyard drain.

---

[1] Plaintiff incorrectly designated defendant as Township of Parsippany.

A-0952-23

Plaintiff demanded the Township restore her property and filed a May 31, 2019 notice of tort claim. In August 2020, plaintiff sued the Township, alleging it "failed to maintain and negligently repaired [a] drainage system on [p]laintiff's property and the cul-de-sac where [p]laintiff's property is located." After the close of discovery, the Township moved for summary judgment.

In the October 20, 2023 order and accompanying written statement of reasons, the motion judge granted the Township's motion. The judge found a private developer constructed plaintiff's home between 1978 and 1979. The judge noted the cul-de-sac, constructed by the same private developer, caused water to drain toward plaintiff's home.

The judge found plaintiff did not report any drainage issues to the Township until 2004. After plaintiff reported the drainage problems, the Township twice "inspected, snaked, and removed tree roots from the drain as a favor to [p]laintiff." Plaintiff denied the Township advised the drain was not part of the Township's drainage system despite performing work on it.

The judge noted the Township, with plaintiff's approval, installed a drainage system in plaintiff's backyard around June 2018.[2] While the Township

_____

[2] The Township certified its drainage work in plaintiff's backyard "cost the Township approximately $50,000 to $80,000."

A-0952-23

admitted removing some shrubs during the installation of the backyard drainage system, the judge found plaintiff's removal of her pool on "her own volition" impacted "mature foliage and landscape beds adjacent to the pool."

Based on these factual findings, the judge concluded plaintiff's drainage claims were barred by the applicable statute of limitations, N.J.S.A. 24:14-1. Under the statute, the judge explained plaintiff had six years to file her claims against the Township.

The judge determined the statutory period of limitations began in 2004 when, by her own admission, plaintiff complained to the Township about drainage issues affecting her property. Thus, to avoid the statutory bar, plaintiff had to file her complaint no later than 2010. She did not file her complaint against the Township until 2020.

Additionally, the judge concluded plaintiff failed to follow the procedures under the Tort Claims Act (TCA), N.J.S.A. 59:1-1 to 12-3, for filing a claim against a public entity. Under N.J.S.A. 59:8-8(a), a claim for property damage, as alleged by plaintiff here, must be presented no later than ninety days after accrual of the cause of action.

In granting summary judgment to the Township, the judge concluded plaintiff's "self-described" notice of claim, dated May 31, 2019, identified the

occurrence giving rise to her claim "began approximately on or about 1990." Additionally, the judge found plaintiff's certification stated "she complained [to the Township] about the water problem on her property as early as 2004." Relying on plaintiff's sworn statements to determine the accrual date for plaintiff's drainage claims against the Township, whether asserted in 1990 or 2004, the judge determined plaintiff's drainage "claim [was] more than six years old" and therefore barred by the statute of limitations.

The judge rejected plaintiff's argument that her drainage claims accrued in 2018 when she removed her pool. The judge, citing plaintiff's certification in opposition to summary judgment, concluded drainage problems predating 2018 caused "[t]he pool [to be] compromised beyond a regular repair" and was the reason for removing the pool.

However, the judge determined plaintiff's claims regarding damage to her driveway and backyard foliage, resulting from the Township's installation of a new drainage system in 2018, were timely filed. As to those claims, the judge found plaintiff failed to file a notice of claim within ninety days under the TCA. Moreover, the judge concluded plaintiff never submitted an "affidavit showing sufficient reasons constituting extraordinary circumstances for failure to timely file the notice of claim."

5

Regarding plaintiff's negligence claims against the Township, the judge found plaintiff required an expert to establish causation and quantify her alleged damages. The judge explained plaintiff's case "involved complex natural and manmade conditions of real property as well as construction and engineering of a drainage system in relation to a flooding problem" and required expert testimony on the issue of causation. Similarly, the judge concluded plaintiff required expert testimony to establish the measure of damages as "only an expert can adequately speak to the appraisal value of real property." Without such expert testimony, the judge determined summary judgment was appropriate and dismissed plaintiff's negligence claims.

Regarding plaintiff's breach of contract claims, the judge concluded plaintiff failed to establish the Township appropriated money to enter into a contract for repairs to her property as required under N.J.S.A. 40A:4-57. The Township denied any contract with plaintiff for the drainage work on her property. Nor did plaintiff provide any evidence of a contract between herself and the Township. The judge also found plaintiff's purported oral contract with the Township would be "unenforceable" under N.J.S.A. 40A:4-57. Based on these findings, the judge granted summary judgment to the Township on plaintiff's contract-based claims.

6

The judge also rejected plaintiff's misrepresentation claim against the Township. According to plaintiff, the Township promised to restore her backyard to its original condition after completing the drainage work. The judge noted plaintiff never identified such a promise in her deposition testimony. Additionally, the judge concluded plaintiff's misrepresentation claim was belied by her certification in opposition to summary judgment, stating "she did not approve or sign off on anything" and any work in the backyard was done by the Township without plaintiff's input. Without any evidence of a misrepresentation by the Township, the judge granted summary judgment on plaintiff's misrepresentation claim.

Having found none of plaintiff's claims viable as a matter of law, the judge dismissed plaintiff's complaint.

On appeal, plaintiff argues her claims are not time barred.[3] She also asserts she presented sufficient evidence supporting her claims for negligence, breach of contract, and misrepresentation. We reject these arguments.

---

[3] In her reply brief, for the first time on appeal, plaintiff contends the discovery rule tolled the statute of limitations on her claims against the Township. We decline to consider an issue not properly presented to the trial court unless the jurisdiction of the court is implicated or the matter concerns an issue of great public importance. Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973) (citation omitted). Neither circumstance is present in this matter.

A-0952-23

We review a trial court's grant or denial of a motion for summary judgment de novo, applying the same standard used by the trial court. Samolyk v. Berthe, 251 N.J. 73, 78 (2022). We consider "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

Under N.J.S.A. 59:8-8, a claimant must file a notice of claim with a public entity within ninety days of accrual of the claim. The ninety-day time period may be extended under certain circumstances provided the claimant files a motion to deem the notice of claim timely filed. N.J.S.A. 59:8-9. Such a motion requires the claimant to: (1) present extraordinary circumstances for failing to timely file the notice of claim; (2) submit the claim no later than one year from the accrual date; and (3) demonstrate the absence of prejudice to the public entity as a result of the late notice. Rogers v. Cape May Cnty. Off. of Pub. Def., 208 N.J. 414, 427-28 (2011). "After the one-year limitation has passed, the court is without authority to relieve a plaintiff from his failure to have filed a notice of claim, and a consequent action at law must fail." Pilonero v. Township of Old

8

Bridge, 236 N.J. Super. 529, 532 (App. Div. 1989) (quoting Speer v. Armstrong, 168 N.J. Super. 251, 255-56 (App. Div. 1979)).

To determine whether a notice of claim was timely filed under N.J.S.A. 59:8-8, a court must decide "the date on which the claim accrued." Ben Elazar v. Macrietta Cleaners, Inc., 230 N.J. 123, 133-34 (2017). A judge's determination of the accrual date for a claim under the TCA begins with deciding when the claim arose, followed by determining whether the claim was filed within ninety days of the accrual date and, if not, whether extraordinary circumstances justify the late notice of claim. Beauchamp v. Amedio, 164 N.J. 111, 118-19 (2000).

Having reviewed the record, we are satisfied the judge properly determined plaintiff's drainage claims were untimely under the TCA. Giving plaintiff every favorable inference, at the latest, plaintiff complained to the Township about drainage issues affecting her property in 2004. However, plaintiff did not file her purported notice of claim until May 2019, long after the six-year statute of limitations applicable to her drainage claims elapsed.

Regarding plaintiff's claims arising from the Township's work on her property in 2018, asserting negligence, breach of contract, and misrepresentation, we are convinced the judge properly dismissed those claims.

A-0952-23

Plaintiff's notice of claim related to these damages was not filed within ninety days as required under the TCA. Additionally, plaintiff failed to submit an affidavit or certification demonstrating extraordinary circumstances for her failure to timely file a notice of claim as to the work completed in 2018.

Even if we agreed plaintiff's notice of claim regarding the Township's work on her property in 2018 was timely filed, which we do not, plaintiff still required expert testimony to establish causation and quantify her damages. Plaintiff lacked an expert to establish causation regarding the drainage issues impacting her property. Nor did plaintiff provide any expert report to substantiate the measure of damages affecting the value of her property. Absent the requisite expert testimony, we are satisfied the judge appropriately granted summary judgment as to plaintiff's negligence claims.

Similarly, the judge did not err in granting summary judgment on plaintiff's contract claim. Plaintiff failed to establish she had any contract with the Township for the work on her property in 2018. Contrary to plaintiff's argument, a municipality may not enter into a contract absent compliance with N.J.S.A. 40A:4-57. The statute requires a municipality to appropriate money for municipal expenditures associated with specific contractual obligations. The statute expressly provides "[a]ny contract made in violation hereof shall be null

10

and void . . . ." N.J.S.A. 40A:4-57. Here, there was no contract because there was no authorization by the Township approving any contract work and no approval for the expenditure of public funds for such work. Thus, the judge properly dismissed plaintiff's breach of contract claim.

Lastly, we consider the judge's decision granting summary judgment on plaintiff's misrepresentation claim. On appeal, as she argued before the trial court, plaintiff claimed the Township promised to restore her backyard to its original condition after it completed the drainage work. However, during her deposition, plaintiff never testified the Township made any such promise. Further, plaintiff's misrepresentation claim fails based on her certification in opposition to summary judgment, asserting "she did not approve or sign off on anything" and any work in the backyard was done by the Township without her input. Absent evidence of any misrepresentation by the Township, the judge properly granted summary judgment as to her misrepresentation claim.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION